JACK ALLEN, Respondent, v DOMUS DEVELOPMENT CORPORATION et al., Appellants. (Appeal No. 1.) [709 NYS2d 776] —Order and judgment unanimously affirmed without costs. Memorandum: Defendants appeal from an order and judgment entered upon a jury verdict finding that plaintiff was unlawfully terminated from his employment because of his age (*see,* Executive Law § 296 [1] [a]) and awarding back pay and compensatory damages. Defendants characterize this as a "pretext" case and contend that, based on the three-part analysis first enunciated in *McDonnell Douglas Corp. v Green* (411 US 792, 802), plaintiff is not entitled to recover. Defendants contend that (1) plaintiff failed to establish a prima facie case of age discrimination; (2) they proffered legitimate, indepen-

dent, and nondiscriminatory reasons for plaintiff's termination; and (3) plaintiff failed to establish that defendants' reasons were a pretext for discrimination (*see, Ferrante v American Lung Assn.*, 90 NY2d 623, 629-630). This case, however, was not tried on that theory. Supreme Court, without exception from defendants, charged the jury on a "mixed-motives" theory of discrimination. Because defendants failed to object to the charge, "the law as stated in that charge became the law applicable to the determination of the rights of the parties * * * and thus established the legal standard by which the sufficiency of the evidence to support the verdict must be judged" (*Harris v Armstrong*, 64 NY2d 700, 702). In a "mixed-motives" case, unlike a "pretext" case, "the burden is on the plaintiff to show that an illegitimate factor * * * played a motivating or substantial role in the defendant's employment decision * * * If the plaintiff presents sufficient evidence to support an inference of impermissible discrimination, the burden then shifts to the employer to show that the employment decision would have been reached in the absence of that impermissible motive" (*Michaelis v State of New York*, 258 AD2d 693, 694, *lv denied* 93 NY2d 806; *see, Tyler v Bethlehem Steel Corp.*, 958 F2d 1176, 1180-1181, *cert denied* 506 US 826). "Given these principles, the verdict should not be disturbed, for the record does not so preponderate in defendants' favor that the jury could not have reached its verdict by any fair interpretation of the evidence" (*Michaelis v State of New York, supra*, at 694). We reject defendants' contentions that the damages should not have been awarded for the period after July 1993 and that the compensatory damage award is excessive. (Appeal from Order and Judgment of Supreme Court, Monroe County, Polito, J.—Executive Law.) Present—Green, J. P., Wisner, Kehoe and Lawton, JJ.