■ Elizabeth A. Everhardt et al., Respondents, v Peter M. Klotzbach, Respondent, and Marilyn E. Intengan, Appellant. (Appeal No. 2.) [754 NYS2d 477] —Appeal from a judgment of Supreme Court, Erie County (Kane, J.H.O.), entered October 9, 2001, which apportioned 80% of liability to defendant Marilyn E. Intengan.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Elizabeth A. Everhardt (plaintiff) when the vehicle that she was driving was rear-ended while stopped at an intersection for a red light. Plaintiff testified at the bifurcated trial on liability that her vehicle was struck twice by a vehicle driven by defendant Marilyn E. Intengan. She testified that the first impact was "very hard" and the second was "lighter." Intengan testified that she struck plaintiff's vehicle only once, when she herself was rear-ended by a vehicle driven by defendant Peter M. Klotzbach. The jury found that Intengan was 80% liable and that Klotzbach was 20% liable.

We conclude that Supreme Court properly denied the motion of Intengan to set aside the verdict against her as against the weight of the evidence. A verdict should not be set aside as against the weight of the evidence "unless it is palpably wrong and there is no fair interpretation of the evidence to support the jury's conclusion * * * or if the verdict is one reasonable persons could have rendered after receiving conflicting evidence" (*Petrovski v Fornes,* 125 AD2d 972, 973, *lv denied* 69 NY2d 608; *see also Mascia v Olivia* [appeal No. 1], 299 AD2d 883). Here, plaintiff and Intengan gave conflicting versions of the accident. While the trial testimony of Klotzbach tends to corroborate that of Intengan, he also testified that he was looking for an address at the time of the collision and was not fully aware of what was happening at the intersection. He further testified that he did not know until after the accident that a traffic light even existed at the intersection and that, because his windows were rolled up, he did not hear the sound of any impact prior to the impact of his own vehicle with Intengan's vehicle. The owner of the body repair shop where plaintiff's vehicle was repaired testified that he was unable to determine from the damage to the vehicle the number of times that it had

been struck. Here, the "underlying facts were in dispute and resolution of the issues before the jury turned on the credibility of witnesses," and it cannot be said that the jury's apportionment of 80% liability to Intengan is not supported by a fair interpretation of the evidence (*Levin v Carbone,* 277 AD2d 951, 951; *see also Allen v Domus Dev. Corp.,* 273 AD2d 891).

We have reviewed Intengan's remaining contention and conclude that it is without merit. Present—Green, J.P., Hurlbutt, Burns, Gorski and Hayes, JJ.