■ ELIZABETH A. EVERHARDT et al., Appellants, v PETER M. KLOTZBACH, Defendant, and MARILYN E. INTENGAN, Respondent. [761 NYS2d 898] —Appeal from an order of Supreme Court, Erie County (Kane, J.H.O.), entered November 28, 2001, which granted the motion of defendant Marilyn E. Intengan for permission to conduct a physical examination of plaintiff Elizabeth A. Everhardt.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted the motion of Marilyn E. Intengan (defendant) for permission to conduct a physical examination of Elizabeth A. Everhardt (plaintiff) after

the note of issue and certificate of readiness for trial had been filed. Plaintiff underwent spinal surgery following the automobile accident at issue herein and, after plaintiffs filed the note of issue and certificate of readiness, plaintiff underwent a second spinal surgery following an alleged fall in the shower. Although 13 months passed between the second surgery and defendant's motion for a physical examination, a trial on liability was held during that time period, and the jury returned a verdict finding that defendant was 80% liable and that defendant Peter M. Klotzbach was 20% liable. Also within that 13-month period, defendant appealed from the judgment entered upon the jury verdict on liability, contending that the court erred in denying her motion to set aside the verdict as against the weight of the evidence, and we affirmed (*Everhardt v Klotzbach*, 302 AD2d 880 [2003]). "Where unusual or unanticipated circumstances develop subsequent to the filing of a note of issue and certificate of readiness which require additional pretrial proceedings to prevent substantial prejudice, the court, upon motion supported by affidavit, may grant permission to conduct such necessary proceedings" (22 NYCRR 202.21 [d]). "Where, as here, a serious, permanent injury is alleged, and a substantial change of circumstances has occurred, a re-examination should be permitted * * *. [P]laintiff[s'] * * * filing of a note of issue and [certificate] of readiness is not a bar to re-examination because the additional surgery, under these circumstances, is a sufficient 'special, unusual, or extraordinary circumstance * * * spelled out factually' to justify the relief requested" (*Buerger v County of Erie,* 101 AD2d 1025, 1025 [1984]). Present—Pine, J.P., Hurlbutt, Gorski, Lawton and Hayes, JJ.