■ LINA NELSON et al., Respondents, v HSBC BANK USA et al., Appellants. [837 NYS2d 712]—

In an action, inter alia, to recover damages for discrimination in employment on the basis of race and unlawful retaliation in violation of Executive Law § 296 and Administrative Code of City of New York § 8-107, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated December 22, 2005, as denied their cross motion for summary judgment dismissing the amended complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendants' cross motion which were for summary judgment dismissing (a) the eighth and sixteenth causes of action alleging constructive discharge of and unlawful retaliation against the plaintiff Sharon Seignon, and (b) the fifth, sixth, seventh, thirteenth, fourteenth, and fifteenth causes of action alleging unlawful retaliation against the plaintiffs Lina Nelson, Tracie Manning, and Carvet Bramwell, and substituting therefor provisions granting those branches of the defendants' cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs are four African-American women who were formerly employed by the defendant HSBC Bank USA (hereinafter HSBC) at the bank's Boro Park branch (hereinafter the branch). The defendants Bruce Kopec and Julissa Campos were formerly employed by HSBC as the branch manager and the assistant branch manager, respectively. The plaintiffs commenced this action against HSBC, Kopec, and Campos, alleging employment discrimination based on race, a hostile work environment, and unlawful retaliation in violation of Executive Law § 296 and Administrative Code § 8-107. After the defendants cross-moved for summary judgment dismissing the amended complaint, the Supreme Court, inter alia, determined that there were triable issues of fact as to whether the defendants had "mixed motives" for several of their adverse employment decisions and denied the cross motion.

The standards for recovery under the New York State Human Rights Law (*see* Executive Law § 296) are the same as the federal standards under title VII of the Civil Rights Act of 1964 (42 USC § 2000e-2 *et seq.*; *Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]; *Ferrante v American Lung Assn.*, 90 NY2d 623 [1997]). In order to carry his or her ultimate burden in a race discrimination case, a plaintiff must show that the adverse employment decision was motivated in some part by an "impermissible reason" (*Fields v New York State Off. of Mental Retardation & Dev. Disabilities*, 115 F3d 116 [1997]). "To establish its entitlement to summary judgment in [a] . . . discrimination case, a defendant must demonstrate either the plaintiff's failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for its challenged actions, the absence of a material issue of fact as to whether the explanations proffered by the defendant were pretextual" (*Cesar v Highland Care Ctr., Inc.*, 37 AD3d 393, 394 [2007]; *see Forrest v Jewish Guild for the Blind, supra*; *Ferrante v American Lung Assn., supra* at 623; *DelPapa v Queensborough Community Coll.*, 27 AD3d 614 [2006]).

The Supreme Court properly denied those branches of the defendants' cross motion which were for summary judgment dismissing the first, second, and third causes of action alleging conduct constituting discrimination in the terms and conditions of employment on the basis of race, and the ninth, tenth, eleventh, and twelfth causes of action alleging a hostile work environment (*see Ferrante v American Lung Assn., supra*). In opposition to the defendants' prima facie showing that the adverse employment decisions were the result of legitimate, nondiscriminatory reasons, the plaintiffs have demonstrated

that there are triable, material issues of fact as to whether an illegitimate factor had a "motivating" or "substantial" role in the defendants' adverse employment decisions as to the plaintiffs Lina Nelson, Tracie Manning, and Carvet Bramwell (*see Ali v Tribune Entertainment Co.*, 1996 WL 384913, 1996 US Dist LEXIS 9628 [SD NY, July 10, 1996]; *cf. Allen v Domus Dev. Corp.*, 273 AD2d 891 [2000]; *Matter of Matthews v City of New York*, 270 AD2d 45 [2000]; *Scott v Citicorp Servs.*, 236 AD2d 227 [1997], *affd* 91 NY2d 823 [1997]). In addition, the plaintiffs demonstrated that triable issues of fact exist as to the causes of action alleging a hostile work environment.

However, the defendants established their entitlement to summary judgment dismissing so much of the eighth and sixteenth causes of action as alleged that the plaintiff Sharon Seignon was constructively discharged (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In order to maintain a cause of action for constructive discharge, a plaintiff must show that his or her employer deliberately made working conditions so intolerable that he or she was forced into involuntary resignation (*see Petrosino v Bell Atl.*, 385 F3d 210, 229 [2004]; *Chertkova v Connecticut Gen. Life Ins. Co.*, 92 F3d 81 [1996], *cert denied* 531 US 1192 [2001]). In opposition to the defendants' prima facie showing in this regard, Seignon failed to raise a triable issue of fact (*see Petrosino v Bell Atl., supra*; *cf. Kaptan v Danchig*, 19 AD3d 456 [2005]).

The defendants also established, prima facie, their entitlement to summary judgment dismissing the fifth, sixth, seventh, thirteenth, fourteenth, and fifteenth causes of action, and so much of the eighth and sixteenth causes of action as alleged unlawful retaliation, by demonstrating that the plaintiffs were not engaged in a protected activity (*see Forrest v Jewish Guild for Blind, supra* at 313; *Cesar v Highland Care Ctr., supra*; *Thide v New York State Dept. of Transp.*, 27 AD3d 452, 453 [2006]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The defendants' remaining contentions are without merit. Spolzino, J.P., Skelos, Dillon and McCarthy, JJ., concur.