■ INNOVATIVE TRANSMISSION & ENGINE COMPANY, LLC, et al., Appellants, v RICHARD S. MASSARO, JR., et al., Respondents, et al., Defendant. [879 NYS2d 856]—

Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, J.), entered January 18, 2008. The order, among other things, granted the motion of defendants James Raia, A.P. Bersohn and Co., LLC, CPAs, and Raia, Bredefeld & Associates, P.C. seeking to preclude certain evidence at trial and requesting that judicial notice be taken.

It is hereby ordered that said appeal from the order insofar as it concerned the cross motion and that part of the motion requesting that judicial notice be taken is unanimously dismissed and the order is otherwise modified on the law by denying that part of the motion seeking to preclude certain evidence and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for, inter alia, conversion of corporate assets of plaintiff Innovative Transmission & Engine Company, LLC (ITEC). Plaintiffs appeal from an order that, inter alia, granted what was in effect a motion in limine (hereafter, motion in limine) of defendants James Raia, A.P. Bersohn and Co., LLC, CPAs, and Raia, Bredefeld & Associates, P.C. (collectively, Raia defendants) seeking, inter alia, to preclude plaintiffs from offering evidence that ITEC owned the assets in question. We note at the outset that we dismiss the appeal from the order insofar as it concerned plaintiffs' cross motion in limine seeking to preclude defendants from offering evidence that ITEC's owner and principal has a criminal conviction and that part of the motion in limine of the Raia defendants requesting that judicial notice be taken of that conviction. Generally, an order "ruling [on a motion in limine], even when made 'in advance of trial on motion papers constitutes, at best, an advisory opinion which is neither appealable as of right nor by permission' " (*Winograd v Price*, 21 AD3d 956 [2005]; *see Citlak v Nassau County Med. Ctr.*, 37 AD3d 640 [2007]). "Inasmuch as [those parts of] the order herein 'merely adjudicate[d] the admissibility of evidence' and do[ ] not affect a substantial right, no appeal lies as of right from [those parts of] the order" (*Shahram v St. Elizabeth School*, 21 AD3d 1377, 1378 [2005]).

That part of the order granting the Raia defendants' motion in limine to the extent that it sought to preclude plaintiffs from submitting evidence that ITEC owned the assets in question in this litigation is appealable, however, because "an order which limits the scope of issues to be tried is appealable" (*Parker v Mobil Oil Corp.*, 16 AD3d 648, 650 [2005], *affd* 7 NY3d 434 [2006], *rearg denied* 8 NY3d 828 [2007]; *see Scalp & Blade v Advest, Inc.*, 309 AD2d 219, 223-225 [2003]; *Rondout Elec. v Dover Union Free School Dist.*, 304 AD2d 808, 810-811 [2003]). In their motion in limine, the Raia defendants contended that plaintiffs are collaterally estopped from establishing ITEC's ownership of the corporate assets that were allegedly converted, because the jury verdict in the criminal case of ITEC's owner and principal in United States District Court conclusively established that ITEC did not own those assets. We agree with plaintiffs that Supreme Court erred in granting that part of the motion, and we therefore modify the order accordingly.

A party will be collaterally estopped from relitigating an issue only if the issue was necessarily determined in the prior litigation and the party had "a full and fair opportunity to contest the decision now said to be controlling" (*Buechel v Bain*, 97 NY2d 295, 304 [2001], *cert denied* 535 US 1096 [2002]; *see Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455 [1985]). The Court of Appeals has held that, "in appropriate situations, an issue decided in a criminal proceeding may be given preclusive effect in a subsequent civil action" (*D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]; *see City of New York v College Point Sports Assn., Inc.*, 61 AD3d 33, 41 [2009]). In the event that the issue was not "necessarily determined in the criminal proceeding," the doctrine of collateral estoppel does not apply (*Allstate Ins. Co. v Zuk*, 78 NY2d 41, 46 [1991]; *see Hughes v Farrey*, 30 AD3d 244, 248 [2006], *lv dismissed* 8 NY3d 841 [2007]). Here, the Raia defendants failed to establish that the issue of the ownership of ITEC's corporate assets was necessarily decided in the prior criminal trial. The owner and principal of ITEC was convicted following a jury trial of, inter alia, defrauding a federally insured bank by transferring assets of one of his other corporations, World Auto Parts, Incorporated (WAP), to ITEC to strip a bank of its security interests in those assets. The issue before the jury in the criminal trial was whether the assets were removed from WAP and transferred. Thus, the jury was not required to determine whether ITEC owned or legally possessed the assets, rendering the doctrine of collateral estoppel inapplicable in this case. Present—Scudder, P.J., Smith, Peradotto, Carni and Green, JJ.