# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1168

CA 13-00343

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

ERICA DANIELS, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

FRANCES A. RUMSEY, DEFENDANT-APPELLANT,
ET AL., DEFENDANT.
(APPEAL NO. 2.)

---

BOUVIER PARTNERSHIP, LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR DEFENDANT-APPELLANT.

THE HIGGINS KANE LAW GROUP, P.C., BUFFALO (TERRENCE P. HIGGINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Gerald J. Whalen, J.), entered July 9, 2012. The order, inter alia, granted plaintiff leave to reargue the motion of defendants and, upon reargument, adhered to that part of a prior decision denying the motion of defendant Frances A. Rumsey insofar as it sought to compel a physical examination of plaintiff by an orthopedic specialist.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed in the exercise of discretion without costs and the motion of defendant Frances A. Rumsey is granted in accordance with the following Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when the motor vehicle in which she was a passenger collided with a vehicle owned and operated by defendant Frances A. Rumsey. The vehicle in which plaintiff was a passenger was owned and operated at the time of the accident by defendant BuWayna Daniels (Daniels). The accident occurred when Rumsey attempted to turn left into the parking lot of a restaurant on Delaware Avenue in Buffalo in front of Daniels's oncoming vehicle.

In appeal No. 1, Rumsey appeals from an order that, inter alia, denied that part of her motion to compel a physical examination of plaintiff by an orthopedic specialist, but granted that part of her motion seeking to strike the note of issue. In appeal No. 2, Rumsey appeals from an order in which Supreme Court granted leave to reargue and, inter alia, adhered to its ruling with respect to the physical examination of plaintiff by an orthopedic specialist, but reinstated the note of issue. In appeal No. 3, Rumsey, as limited by her brief, appeals from an order granting Daniels's motion for summary judgment dismissing the complaint and cross claims against her.

We note at the outset that we dismiss the appeal from the order in appeal No. 1 inasmuch as that order was superseded by the order in appeal No. 2 (*see generally Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985, 985). With respect to appeal No. 2, we have repeatedly recognized that "[a] trial court has broad discretion in supervising the discovery process, and its determinations will not be disturbed absent an abuse of that discretion" (*Finnegan v Peter, Sr. & Mary L. Liberatore Family Ltd. Partnership*, 90 AD3d 1676, 1677; *see Carpenter v Browning-Ferris Indus.*, 307 AD2d 713, 715). We have also repeatedly noted, however, "that, where discretionary determinations concerning discovery and CPLR article 31 are at issue, [we] '[are] vested with the same power and discretion as [Supreme Court, and thus we] may also substitute [our] own discretion *even in the absence of abuse*' " (*Radder v CSX Transp., Inc.*, 68 AD3d 1743, 1745, quoting *Brady v Ottaway Newspapers*, 63 NY2d 1031, 1032; *see Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 745; *Phoenix Mut. Life Ins. Co. v Conway*, 11 NY2d 367, 370). Here, Rumsey contends that the court erred in denying her motion insofar as it sought an order compelling plaintiff to attend further physical examinations as warranted by her allegations. In particular, Rumsey sought to have plaintiff physically examined by an orthopedic specialist. Although plaintiff previously had submitted to a physical examination by a neurologist pursuant to CPLR 3121 (a), under the circumstances we conclude that the court erred in denying Rumsey's motion insofar as it sought a further physical examination of plaintiff by an orthopedic specialist. The record establishes that the neurologist examined plaintiff only two weeks before she underwent spinal surgery, that Rumsey learned of that surgery after the fact, and that plaintiff served a supplemental bill of particulars advising of the possibility of surgery approximately two weeks before the physical examination was performed, and approximately two months after the original date for which that examination was noticed. Moreover, we note that the physical examination was adjourned at plaintiff's behest. Given those circumstances, we conclude that Rumsey met her burden of demonstrating the necessity for one further physical examination of plaintiff, by an orthopedic specialist (*see Carrington v Truck-Rite Dist. Sys. Corp.*, 103 AD3d 606, 607; *Tucker v Bay Shore Stor. Warehouse, Inc.*, 69 AD3d 609, 610). We therefore substitute our discretion for that of the court and grant Rumsey's motion to that extent (*see Young v Kalow*, 214 AD2d 559, 559-560; *see also Dominguez v Manhattan & Bronx Surface Tr. Operating Auth.*, 168 AD2d 376, 376; *see generally Radder*, 68 AD3d at 1745; *Gitto v Scamoni*, 62 AD3d 1232, 1233).

With respect to appeal No. 3, we conclude that the court properly granted Daniels's motion for summary judgment dismissing the complaint and cross claims against her. Pursuant to Vehicle and Traffic Law § 1141, "[t]he driver of a vehicle intending to turn to the left . . . into . . . [a] private road[] or driveway shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard." To meet her initial burden on her motion, Daniels was required "to establish both that [Rumsey's] vehicle suddenly entered the lane where [Daniels] was operating [her vehicle] in a lawful and prudent manner and that there was nothing [Daniels] could have done to avoid the

collision" (*Ithier v Harnden*, 13 AD3d 1204, 1205 [internal quotation marks omitted]; *see Miller v Richardson*, 48 AD3d 1298, 1300, *lv denied* 11 NY3d 710; *Pomietlasz v Smith*, 31 AD3d 1173, 1174).  Daniels met that burden by submitting evidence that the accident occurred after Rumsey turned her vehicle left into Daniels's path of travel in the southbound curb lane of Delaware Avenue, that Daniels had the right-of-way, and that Daniels was proceeding at a speed of between 30 and 35 miles per hour at the time of the accident, i.e., no more than five miles per hour above the posted speed limit.  Daniels also established that she did not see Rumsey's vehicle until its grill was in her lane of travel, and that she had only "[f]ractions of a second" to take evasive measures, which proved unsuccessful.  Contrary to Rumsey's contention, the fact that Daniels may have been driving at a speed in excess of five miles per hour over the posted speed limit of 30 miles per hour is inconsequential inasmuch as there is no indication that she could have avoided the accident even if she had been traveling at a speed at or below the posted speed limit (*see Galvin v Zacholl*, 302 AD2d 965, 966, *lv denied* 100 NY2d 512; *see also Stinehour v Kortright*, 157 AD2d 899, 900).  In opposition to Daniels's motion, Rumsey failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).