# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**372**

**CA 13-01632**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

DAVID SMALLEY AND JUDITH SMALLEY,
PLAINTIFFS-APPELLANTS,

        V                                     MEMORANDUM AND ORDER

HARLEY-DAVIDSON MOTOR COMPANY, INC. AND
STAN'S HARLEY-DAVIDSON, INC.,
DEFENDANTS-RESPONDENTS.

---

LADUCA LAW FIRM, LLP, ROCHESTER (ANTHONY J. LADUCA OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

QUARLES & BRADY LLP, MILWAUKEE, WISCONSIN (LARS E. GULBRANDSEN, OF THE
WISCONSIN BAR, ADMITTED PRO HAC VICE, OF COUNSEL), AND HARTER SECREST
& EMERY LLP, ROCHESTER, FOR DEFENDANTS-RESPONDENTS.

---

     Appeal from an order of the Supreme Court, Monroe County (Evelyn
Frazee, J.), entered February 22, 2013. The order granted the motion
of defendants seeking to preclude the trial testimony of two of
plaintiffs' experts and seeking to strike those expert disclosures as
well as a third expert disclosure.

     It is hereby ORDERED that the order so appealed from is reversed
in the exercise of discretion without costs and the motion is denied.

     Memorandum: Plaintiffs appeal from an order that granted
defendants' motion seeking to preclude the trial testimony of two of
plaintiffs' experts based on plaintiffs' failure to make timely expert
disclosures, and seeking to strike those expert disclosures as well as
a third expert disclosure. "[W]e have repeatedly recognized that '[a]
trial court has broad discretion in supervising the discovery process,
and its determinations will not be disturbed absent an abuse of that
discretion' . . . We have also repeatedly noted, however, 'that, where
discretionary determinations concerning discovery and CPLR article 31
are at issue, [we] "[are] vested with the same power and discretion as
[Supreme Court, and thus we] may also substitute [our] own discretion
*even in the absence of abuse*" ' " (*Daniels v Rumsey*, 111 AD3d 1408,
1409). Under the circumstances of this case, we substitute our
discretion for that of Supreme Court, and we conclude that the court
should have adjourned the trial rather than granting defendants'
motion, thereby precluding the subject expert testimony and striking
the subject expert disclosures.

     All concur except CENTRA, J.P., and SCONIERS, J., who dissent in

part and vote to modify in accordance with the following Memorandum: We respectfully dissent in part because we cannot agree with the majority's conclusion that this is an appropriate case in which to substitute our discretion for that of Supreme Court with respect to plaintiffs' late and even almost eve of trial disclosure of an entirely new products liability expert and a second amended disclosure for their previously disclosed liability expert, both of which proffer new liability theories (*see Daniels v Rumsey*, 111 AD3d 1408, 1409). We agree with the majority, however, with respect to the preclusion of plaintiffs' damages expert and we would therefore modify the order accordingly.

By stipulated order, the parties agreed to complete expert disclosure in 2009. Based at least in part on an amended expert disclosure dated May 4, 2010, plaintiffs were granted leave to amend their complaint in July 2010, which changed the theory of liability in response to defendants' motion for summary judgment. The court's order granting leave to amend was affirmed by this Court in 2011 (*Smalley v Harley-Davidson Motor Co., Inc.*, 82 AD3d 1662, 1662). In 2012, as the parties prepared for trial, the court sent a letter advising the parties of the court's schedule, but noting that any prior scheduling order controlled. The court advised the parties in November 2012 that the trial would no longer be bifurcated. In January 2013, approximately a month and a half before trial, plaintiffs disclosed, inter alia, a new products liability expert, who espoused a new theory of liability, and an amended disclosure with respect to another liability expert.

The "trial court has 'the inherent power . . . to control its own calendar' " (*People v Thompson*, 59 AD3d 1115, 1117, *lv denied* 12 NY3d 860; *see Headley v Noto*, 22 NY2d 1, 4, *rearg denied* 22 NY2d 973; *Matter of Grisi v Shainswit*, 119 AD2d 418, 421). Generally, " '[a]bsent an abuse of discretion, we will not disturb the court's control of the discovery process' " (*Marable v Hughes*, 38 AD3d 1344, 1345; *see Charter Sch. for Applied Tech. v Board of Educ. for City Sch. Dist. of City of Buffalo*, 105 AD3d 1460, 1464). Under the circumstances of this case, we conclude that the court properly exercised its discretion in precluding the new products liability expert and striking any proof based on the new and amended expert disclosure relating to liability (*see Getty v Zimmerman*, 37 AD3d 1095, 1096; *cf. Tung Wa Ma v New York City Tr. Auth.*, 113 AD3d 839, 839-840; *Castor Petroleum, Ltd. v Petroterminal de Panama, S.A.*, 90 AD3d 424, 424). "[T]he willful and contumacious nature of [plaintiffs'] conduct . . . may be inferred from [their] failure to comply with the court's order and [their] inadequate excuses for that failure" (*Getty*, 37 AD3d at 1096-1097; *see Vatel v City of New York*, 208 AD2d 524, 525). Moreover, defendants established that they would be prejudiced by plaintiffs' late disclosure (*see Atkinson v Golub Corp. Co.*, 278 AD2d 905, 906; *cf. Tronolone v Praxair, Inc.*, 39 AD3d 1146, 1147).

Entered: March 28, 2014                           Frances E. Cafarell
                                                  Clerk of the Court