Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered February 22, 2013. The order granted the motion of defendants seeking to preclude the trial testimony of two of plaintiffs’ experts and seeking to strike those expert disclosures as well as a third expert disclosure.
It is hereby ordered that the order so appealed from is reversed in the exercise of discretion without costs and the motion is denied.
Memorandum: Plaintiffs appeal from an order that granted defendants’ motion seeking to preclude the trial testimony of two of plaintiffs’ experts based on plaintiffs’ failure to make timely expert disclosures, and seeking to strike those expert disclosures as well as a third expert disclosure. “[W]e have repeatedly recognized that ‘[a] trial court has broad discretion in supervising the discovery process, and its determinations will *1370 not be disturbed absent an abuse of that discretion’ . . . We have also repeatedly noted, however, ‘that, where discretionary determinations concerning discovery and CPLR article 31 are at issue, [we] “[are] vested with the same power and discretion as [Supreme Court, and thus we] may also substitute [our] own discretion even in the absence of abuse” ’ ” (Daniels v Rumsey, 111 AD3d 1408, 1409 [2013]). Under the circumstances of this case, we substitute our discretion for that of Supreme Court, and we conclude that the court should have adjourned the trial rather than granting defendants’ motion, thereby precluding the subject expert testimony and striking the subject expert disclosures.
All concur except Centra, J.E, and Sconiers, J., who dissent in part and vote to modify in accordance with the following memorandum.