# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**969**

**CA 16-00098**

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

MARGARITA ZULEY, M.D., PLAINTIFF-RESPONDENT,

V

MEMORANDUM AND ORDER

ELIZABETH WENDE BREAST CARE, LLC, STAMATIA
DESTOUNIS, M.D., PHILIP MURPHY, M.D., POSY
SEIFERT, D.O., PATRICIA SOMERVILLE, M.D.,
DEFENDANTS-APPELLANTS,
ET AL., DEFENDANT.

---

UNDERBERG & KESSLER LLP, BUFFALO (THOMAS F. KNAB OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

WOODS OVIATT GILMAN LLP, ROCHESTER (BRIAN J. CAPITUMMINO OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered November 16, 2015. The order granted the motion of plaintiff to compel defendants-appellants to respond to requests two through five of plaintiff's second notice to produce.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On a prior appeal, we modified the order granting summary judgment dismissing the complaint in its entirety by reinstating the cause of action for unjust enrichment against defendants-appellants, and we remitted the matter to Supreme Court to rule on plaintiff's motion to compel further discovery, which it had determined was moot (*Zuley v Elizabeth Wende Breast Care, LLC*, 126 AD3d 1460, *amended on rearg* 129 AD3d 1556). The court granted the motion, and we affirm. It is well established that the court "is vested with broad discretion to supervise discovery and to determine what disclosure is material and necessary" (*Cain v New York Cent. Mut. Fire Ins. Co.*, 38 AD3d 1344, 1344). Generally, "[a]bsent an abuse of discretion, we will not disturb the court's control of the discovery process" (*McCarter v Woods*, 106 AD3d 1540, 1541 [internal quotation marks omitted]). We perceive no abuse of discretion in this case. Although we may substitute our discretion for that of the trial court, even in the absence of an abuse of discretion (*see Smalley v Harley-Davidson Motor Co., Inc.*, 115 AD3d 1369, 1370), we decline to do so

here.

Frances E. Cafarell
Clerk of the Court