Pokorski v FDA Logistics (2021 NY Slip Op 03770)





Pokorski v FDA Logistics


2021 NY Slip Op 03770


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, WINSLOW, AND BANNISTER, JJ.


947 CA 19-02304

[*1]ROBERT W. POKORSKI, PLAINTIFF-RESPONDENT,
v
FDA LOGISTICS, LLC AND KELMIC HOLDINGS, LLC, DEFENDANTS-APPELLANTS. 






RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (WILLIAM K. KENNEDY OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
RAMOS & RAMOS, BUFFALO (DEAN P. SMITH OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered November 15, 2019. The order granted plaintiff's motion to preclude defendants from having plaintiff examined by a neuropsychologist. 
It is hereby ORDERED that the order so appealed from is unanimously reversed in the exercise of discretion without costs and the motion is denied.
Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained when he slipped and fell on accumulated snow and ice on defendants' property. Defendants served plaintiff with a notice of physical examination pursuant to CPLR 3121 requiring plaintiff to undergo a neuropsychological examination (NPE), and plaintiff moved by order to show cause for an order precluding defendants from obtaining the NPE on the ground that the NPE would be cumulative of the other neurological examinations plaintiff was required to undergo. Supreme Court granted the motion, and defendants appeal.
Although discovery determinations generally rest within the sound discretion of the trial court (see e.g. Mosey v County of Erie, 148 AD3d 1572, 1573 [4th Dept 2017]; McCarter v Woods, 106 AD3d 1540, 1541 [4th Dept 2013]), here, we substitute our discretion for that of the court and conclude that the motion should be denied (see generally Hawe v Delmar, 148 AD3d 1788, 1789 [4th Dept 2017]; Daniels v Rumsey, 111 AD3d 1408, 1409 [4th Dept 2013]). CPLR 3101 (a) requires the "full disclosure of all matter material and necessary in the prosecution or defense of an action." Following the commencement of an action, if a plaintiff's mental or physical condition is in controversy, the defendant may require the plaintiff to submit to a mental or physical examination pursuant to CPLR 3121. There is no restriction in the statute limiting the number of examinations to which a plaintiff may be subjected; however, a defendant seeking a further examination must demonstrate the necessity for it (see Carrington v Truck-Rite Dist. Sys. Corp., 103 AD3d 606, 607 [2d Dept 2013]; Futersak v Brinen, 265 AD2d 452, 452 [2d Dept 1999]).
Under the circumstances of this case, we agree with defendants that the preclusion order sought by plaintiff is not warranted inasmuch as the NPE is material and necessary to defend against plaintiff's claims that he sustained head injuries and cognitive impairment (see generally Chaudhary v Gold, 83 AD3d 477, 478 [1st Dept 2011]). Here, plaintiff placed his mental and physical condition in controversy by alleging in the verified complaint, as amplified by the verified bills of particulars, that he injured, inter alia, his head, neck, spine, left wrist and left elbow and suffered "emotional and psychological pain . . . with related mental anguish, stress, and anxiety" as a result of the accident. Furthermore, defendants' submissions in opposition to the motion established, inter alia, that plaintiff's neurologist and psychologist had both ordered neuropsychological evaluations of plaintiff that had not been conducted, and that the requested [*2]NPE differs significantly from neurologic and neurosurgical examinations. In particular, defendants submitted an affidavit from the neuropsychologist who would conduct the NPE, who averred that he would utilize a different methodology, would administer a different battery of psychological tests, and would complete more detailed cognitive testing to determine the existence of any mood or behavioral deficits resulting from plaintiff's alleged injuries, whereas the testing done by neurologists and neurosurgeons generally focuses on physical abnormalities and physical manifestations of those abnormalities.
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court