Lewis v City of New York (2022 NY Slip Op 04015)

Lewis v City of New York

2022 NY Slip Op 04015

Decided on June 22, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2020-01662
 (Index No. 369/17)

[*1]Michael Lewis, respondent, 
v
City of New York, et al., defendants, Metropolitan Transportation Authority, et al., appellants.

Armienti, DeBellis & Rhoden, LLP, New York, NY (Vanessa M. Corchia of counsel), for appellants.
Elefterakis, Elefterakis & Panek, New York, NY (Michael S. Marron of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Metropolitan Transportation Authority, MTA Bus Company, NYC Transit Authority, and Cory Marcel Smith appeal from an order of the Supreme Court, Queens County (Joseph Risi, J.), entered November 7, 2019. The order, insofar as appealed from, denied those branches of those defendants' motion which were to compel the plaintiff to appear for further deposition and medical examinations, and pursuant to CPLR 3126 to preclude the plaintiff from offering evidence on the issue of damages at trial or in opposition to any motion for summary judgment.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the motion of the defendants Metropolitan Transportation Authority, MTA Bus Company, NYC Transit Authority, and Cory Marcel Smith which was to compel the plaintiff to appear for further deposition and medical examinations, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs payable by the plaintiff to the defendants Metropolitan Transportation Authority, MTA Bus Company, NYC Transit Authority, and Cory Marcel Smith.
The plaintiff commenced this action against the defendants Metropolitan Transportation Authority, MTA Bus Company, NYC Transit Authority, and Cory Marcel Smith (hereinafter collectively the defendants), among others, to recover damages for personal injuries he allegedly sustained in a motor vehicle accident that took place on January 28, 2016 (hereinafter the subject accident). The plaintiff filed a note of issue on or about July 9, 2018. On January 22, 2019, the defendants learned that the plaintiff allegedly had suffered injuries in a motor vehicle accident that occurred on August 1, 2018 (hereinafter the subsequent accident). The defendants demanded, inter alia, that the plaintiff supply authorizations for medical providers relating to the care he received for the injuries he suffered in the subsequent accident and that the plaintiff appear for further deposition and medical examinations.
Thereafter, the defendants moved, inter alia, to compel the plaintiff to appear for further deposition and medical examinations, and pursuant to CPLR 3126 to preclude the plaintiff from offering evidence on the issue of damages at trial or in opposition to any motion for summary [*2]judgment. The Supreme Court denied those branches of the motion, and the defendants appeal.
Under the circumstances of this case, the Supreme Court should have granted that branch of the defendants' motion which was to compel the plaintiff to appear for further deposition and medical examinations. After the filing of the note of issue, the defendants became aware that the plaintiff had been involved in the subsequent accident. This constituted unusual or unanticipated circumstances warranting additional discovery, including a further deposition and medical examination of the plaintiff (see 22 NYCRR 202.21[d]; Gelin v New York City Tr. Auth., 189 AD3d 789, 793; Lopez v Kelly St. Realty, Inc., 106 AD3d 534, 535; Everhardt v Klotzbach, 306 AD2d 869, 870; see also CPLR 3101).
However, the Supreme Court providently exercised its discretion in denying that branch of the defendants' motion which was pursuant to CPLR 3126 to preclude the plaintiff from offering evidence on the issue of damages at trial or in opposition to any motion for summary judgment. "Precluding a party from presenting evidence is a drastic remedy which generally requires a showing that the party's conduct is willful and contumacious" (Cioffi v S.M. Foods, Inc., 142 AD3d 526, 528). Here, the defendants failed to make such a showing (see Santigate v Linsalata, 304 AD2d 639, 641).
The parties' remaining contentions either are improperly raised for the first time on appeal or need not be addressed in light of our determination.
We have not considered matter dehors the record referred to in the plaintiff's brief (see Listwon v 500 Metro. Owner, LLC, 188 AD3d 1028, 1031).
CONNOLLY, J.P., RIVERA, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court