Kinach v Tops Mkt. (2022 NY Slip Op 05632)

Kinach v Tops Mkt.

2022 NY Slip Op 05632

Decided on October 7, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

684 CA 21-01467

[*1]PAULINE KINACH, AS EXECUTOR OF THE ESTATE OF PAUL KINACH, DECEASED, PLAINTIFF-APPELLANT,
v
TOPS MARKET, AND BATHCANPUL, LLC, DEFENDANTS-RESPONDENTS. 

RALPH W. FUSCO, UTICA, FOR PLAINTIFF-APPELLANT.
NASH CONNORS, P.C., BUFFALO (JAMES J. NASH OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Oneida County (David A. Murad, J.), dated September 30, 2021. The order denied plaintiff's motion in limine and plaintiff's request to disqualify defense counsel. 
It is hereby ORDERED that said appeal from the order insofar as it denied those parts of the motion seeking to preclude defendant Bathcanpul, LLC from submitting the lease into evidence at trial and to preclude that defendant from asserting at trial that it was an
out-of-possession landlord is unanimously dismissed and the order is affirmed without costs.
Memorandum: Plaintiff appeals from an order that denied her motion in limine seeking to preclude defendant Bathcanpul, LLC (Bathcanpul) from introducing into evidence at trial a lease between Bathcanpul and defendant Tops Market and to preclude Bathcanpul from asserting that it was an out-of-possession landlord, and denied plaintiff's request to disqualify defense counsel due to an alleged conflict of interest caused by defense counsel's joint representation of defendants. At the outset, we dismiss the appeal from the order insofar as it denied those parts of the motion seeking to preclude the introduction of the lease and the assertion that Bathcanpul was an out-of-possession landlord. Generally, an order denying a motion in limine, even when " 'made in advance of trial on motion papers[,] constitutes, at best, an advisory opinion which is neither appealable as of right nor by permission' " (Thome v Benchmark Main Tr. Assoc., LLC, 125 AD3d 1283, 1285 [4th Dept 2015]; see Innovative Transmission & Engine Co., LLC v Massaro, 63 AD3d 1506, 1507 [4th Dept 2009]). The denial of those parts of plaintiff's motion "does not limit the scope of the issues to be tried and thus is not appealable on that ground" (Angelicola v Patrick Heating of Mohawk Val., Inc., 77 AD3d 1322, 1323 [4th Dept 2010]).
With respect to that part of the order denying plaintiff's request to disqualify defense counsel, under the circumstances of this case, she waived her contention regarding the alleged conflict of interest (see Matter of Peters, 124 AD3d 1266, 1268 [4th Dept 2015]; Lake v Kaleida Health, 60 AD3d 1469, 1470 [4th Dept 2009]).
Entered: October 7, 2022
Ann Dillon Flynn
Clerk of the Court