Nikel v 5287 Tr. Rd., LLC (2023 NY Slip Op 02201)

Nikel v 5287 Tr. Rd., LLC

2023 NY Slip Op 02201

Decided on April 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, BANNISTER, AND OGDEN, JJ.

82 CA 22-00484

[*1]RICKY NIKEL, PLAINTIFF-RESPONDENT,
v
5287 TRANSIT ROAD, LLC, DEFENDANT-APPELLANT. 

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (THOMAS J. SPEYER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
DOLCE PANEPINTO, P.C., BUFFALO (JONATHAN M. GORSKI OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Mark A. Montour, J.), entered March 16, 2022. The order, inter alia, granted the motion of plaintiff insofar as it sought a protective order limiting the scope of defendant's independent medical examination of plaintiff's lumbar spine. 
It is hereby ORDERED that said appeal from the order insofar as it precluded defendant's expert from testifying at trial about the issue of causation with respect to the first surgery is unanimously dismissed and the order is affirmed without costs.
Memorandum: Plaintiff commenced this Labor Law action seeking damages for injuries he sustained while working on a construction project on property owned by defendant. Defendant appeals from an order that, inter alia, granted plaintiff's motion insofar as it sought a protective order limiting the scope of defendant's independent medical examination (IME) of plaintiff's lumbar spine to plaintiff's second spinal surgery and whether that surgery was caused by the accident.
We conclude that, under the circumstances of this case, Supreme Court did not abuse its discretion in limiting the scope of the IME of plaintiff's lumbar spine to the second spinal surgery and its causal relationship to the underlying accident. "[T]rial courts have broad discretion in supervising disclosure and, absent a clear abuse of that discretion, a trial court's exercise of such authority should not be disturbed" (Hann v Black, 96 AD3d 1503, 1504 [4th Dept 2012] [internal quotation marks omitted]; see Peterson v New York Cent. Mut. Fire Ins. Co., 174 AD3d 1386, 1387-1388 [4th Dept 2019]; see generally CPLR 3103 [a]). The parties do not dispute that, after plaintiff's first lumbar spine surgery, defendant expressly waived its right to conduct an IME of that body part. At the time it made the waiver, defendant knew that plaintiff might undergo another surgery at the direction of his doctor, and thus we reject defendant's assertion that the second surgery constituted an unusual or unanticipated circumstance that would justify setting aside defendant's waiver of the IME (see generally Lewis v City of New York, 206 AD3d 896, 898 [2d Dept 2022]; Everhardt v Klotzbach, 306 AD2d 869, 870 [4th Dept 2003]). Further, this is not a situation in which defendant inadvertently waived the IME of the spine or was requesting reexamination of a body part that had already been the subject of an IME (cf. Vargas v City of New York, 4 AD3d 524, 525 [2d Dept 2004]; Everhardt, 306 AD2d at 870; McDowell v Eagle Trans. Corp., 303 AD2d 655, 656 [2d Dept 2003]). Indeed, despite defendant's waiver, the court allowed defendant to conduct an IME of plaintiff's spine, only limiting the scope of the exam to the second spinal surgery and its causal relationship to the accident. We cannot say that, in fashioning such a compromise, the court abused its broad discretion in supervising disclosure.
Finally, we dismiss the appeal from the order insofar as it precludes defendant's expert from opining at trial about plaintiff's first spinal surgery and its causal relationship to the [*2]accident. "Generally an order ruling [on a motion in limine], even when made in advance of trial on motion papers constitutes, at best, an advisory opinion which is neither appealable as of right nor by permission" (Innovative Transmission & Engine Co., LLC v Massaro, 63 AD3d 1506, 1507 [4th Dept 2009] [internal quotation marks omitted]; see Kinach v Tops Mkt., 209 AD3d 1274, 1275 [4th Dept 2022]; Winograd v Price, 21 AD3d 956, 956 [2d Dept 2005]). Here, the motion did not seek to preclude any trial testimony offered by defendant, and the court's statement—which was prompted by defendant—about the testimony defendant would be prohibited from offering represents nothing more than an advisory opinion. Inasmuch as that part of the order "merely adjudicate[d] the admissibility of evidence [at trial] and [did] not affect a substantial right, no appeal lies as of right from [it]" (Innovative Transmission & Engine Co., LLC, 63 AD3d at 1507 [internal quotation marks omitted]; see Shahram v St. Elizabeth School, 21 AD3d 1377, 1378 [4th Dept 2005]; see generally CPLR 5701).
Entered: April 28, 2023
Ann Dillon Flynn
Clerk of the Court