Sanabria v SJ Trans, Inc. (2025 NY Slip Op 02689)

Sanabria v SJ Trans, Inc.

2025 NY Slip Op 02689

Decided on May 2, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, SMITH, NOWAK, AND DELCONTE, JJ.

297 CA 24-01420

[*1]TIARA R. SANABRIA, PLAINTIFF-APPELLANT,
v
SJ TRANS, INC., BULLDOG FREIGHTWAY, INC., AND LOVEPREET S. CHANDI, DEFENDANTS-RESPONDENTS. 

CAMPBELL & ASSOCIATES, HAMBURG (JOHN T. RYAN OF COUNSEL), FOR PLAINTIFF-APPELLANT.
BRAFF, HARRIS & SUKONECK, NEW YORK CITY (KEITH HARRIS OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Chautauqua County (Grace Marie Hanlon, J.), entered August 22, 2024. The order, among other things, granted the motion of defendants to compel plaintiff to appear at defense medical examinations. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this action arising out of a motor vehicle accident, plaintiff appeals from an order that, inter alia, granted defendants' motion to compel her to submit to orthopedic, neurological and neuropsychological examinations with physicians designated by defendants, contending that Supreme Court abused its discretion. We affirm.
"[T]rial courts have broad discretion in supervising disclosure and, absent a clear abuse of that discretion, a trial court's exercise of such authority should not be disturbed" (Nikel v 5287 Tr. Rd., LLC, 215 AD3d 1230, 1230 [4th Dept 2023] [internal quotation marks omitted]; see Zuley v Elizabeth Wende Breast Care, LLC, 144 AD3d 1585, 1586 [4th Dept 2016]; Hann v Black, 96 AD3d 1503, 1504 [4th Dept 2012]). "[I]t is within the trial court's discretion to require a plaintiff to submit to more than one physical examination . . . However, the party seeking the examination must demonstrate the necessity for it" (Chaudhary v Gold, 83 AD3d 477, 478 [1st Dept 2011]).
Here, in response to a notice of physical examination of the plaintiff served by plaintiff, defendants timely submitted "the name[s] of the medical providers who will conduct the examination" (22 NYCRR 202.17 [a]; see generally CPLR 3121 [a]). When plaintiff objected, defendants filed a motion to compel (see CPLR 3124).
Preliminarily, inasmuch as plaintiff did not oppose those parts of defendants' motion that sought to compel examinations with an orthopedist and a neurologist, she has "failed to preserve for our review [her] contention that [the c]ourt erred in granting that relief" (Sharma v Udwadia, 309 AD2d 1250, 1250 [4th Dept 2003]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
Contrary to plaintiff's contention, defendants demonstrated the necessity for the neuropsychological examination through the submission of plaintiff's verified bill of particulars and deposition transcript, in which plaintiff asserts that she sustained a traumatic brain injury and cognitive impairment in the subject accident (see generally Chaudhary, 83 AD3d at 478; Radigan v Radigan, 115 AD2d 466, 467-468 [2d Dept 1985]). Thus, the court did not abuse its discretion in directing plaintiff to submit to a neuropsychological examination (cf. Pokoroski v FDA Logistics, LLC, 195 AD3d 1470, 1471 [4th Dept 2021]; Parsons v Hytech Tool & Die, 227 [*2]AD2d 896, 896 [4th Dept 1996]; see generally Sims v Reyes, 195 AD3d 133, 137 [4th Dept 2021]). Although we may substitute our discretion for that of the trial court, even in the absence of an abuse of discretion (see Zuley, 144 AD3d at 1586; Smalley v Harley-Davidson Motor Co., Inc., 115 AD3d 1369, 1370 [4th Dept 2014]), we decline to do so here.
Entered: May 2, 2025
Ann Dillon Flynn
Clerk of the Court