■ MARIE ROMANO, Respondent, v. THOMAS ROMANO, Appellant.— Order, Supreme Court, New York County, entered on September 10, 1971, unanimously affirmed, on condition that the terms of the stipulation entered into by counsel for the parties be continued in full force and effect, without costs and without disbursements. No opinion. Concur — Stevens, P. J., Capozzoli, McGivern, Nunez and McNally, JJ.

## (December 16, 1971)

■ LOUISE J. ROBERSON, Respondent, v. FORDHAM RENT-A-CAR CORP., Appellant.— Order, Supreme Court, New York County, entered on February 25, 1971, denying defendant's motion to obtain a physical examination of plaintiff, unanimously reversed, in the exercise of discretion, and the motion granted, on condition that defendant pay costs to date in addition to $30 costs and disbursements of this appeal; otherwise said order is affirmed. The defendant failed to show any justification for the failure to comply with the medical exchange rules and rules pertaining to vacatur of statements of readiness. If the time or place designated by plaintiff for her medical examination, in her letter addressed to defendant's attorney, was not mutually convenient, the defendant should have proceeded as required by the rules pertaining to modification of such notice (*Delgado* v. *Fogle,* 32 A D 2d 85). This it failed to do. Defendant also failed to timely move to vacate the statement of readiness or to promptly move for the relief presently sought. However, in view of the serious, permanent injuries claimed and the lack of prejudice to plaintiff, we conclude that, in the interest of justice, a physical examination of plaintiff should be permitted herein, but only on the conditions set forth above. Such conditions and the physical examination itself should be complied with and completed within 30 days after service upon defendant by plaintiff of a copy of the order entered herein, with notice of entry thereon. Concur — Stevens, P. J., Capozzoli, McNally, Steuer and Tilzer, JJ.