■ HELEN E. RADIGAN, Respondent, v MICHAEL B. RADIGAN, Appellant.—In a matrimonial action, the defendant husband appeals from an order of the Supreme Court, Richmond County (McBrien, J.), dated September 17, 1984, which denied his motion for a psychiatric examination of the plaintiff wife and their infant son.

Order reversed, with costs, and motion granted to the extent plaintiff and the parties' infant son are hereby directed to submit to an examination by a court-appointed psychiatrist on condition that defendant also submits to such an examination, the costs for all such services to be borne by defendant, and

the matter is remitted to Special Term for further proceedings in accordance herewith.

In this matrimonial action, both parties seek custody of their 15-year-old son. By order entered September 13, 1983, Special Term, based upon a stipulation entered into by the parties in open court, referred the issue of temporary custody of the infant son to the trial court for determination. Pending such determination, the matter was referred to Staten Island Family Services (hereinafter Family Services) for purposes of conducting "a psychiatric or other type work-up" relating to the parties and their infant son. The order further provided that Family Services would be permitted access to any and all psychiatric, medical or similar reports and records touching upon or concerning either of the parties as it shall deem necessary for its investigation.

The certified social worker assigned to the case issued a report recommending that plaintiff be awarded custody of the infant son based solely upon the social worker's 6½ interviews with the parties and the child. The report made no reference to the use of psychological, psychiatric or medical assistance in rendering the opinion that custody should be awarded to plaintiff. Thereafter, defendant moved for an order directing plaintiff and their son to submit to a psychiatric examination based on the superficiality of the social worker's report and the alleged deterioration of his son's mental health.

There is no restriction in CPLR 3121 (a) limiting the number of examinations to which a party or a person in the custody of a party may be subjected. A subsequent examination is permissible where the party seeking the examination demonstrates the necessity for it (see, 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3121.04).

The record discloses that plaintiff is an alcoholic, who regularly attends Alcoholics Anonymous meetings. She acknowledged to the social worker a current need for counseling which is beyond her present financial means. The infant son was receiving professional counseling, which defendant described as "psychotherapy". During a period in this discordant marriage, defendant informed the social worker that he checked himself into the Veteran's Administration Psychiatric Hospital in Northport for a few days in order to be evaluated.

Under the circumstances of this case, where the history of the family unit disclosed that the members had required the assistance of professionals in the field of mental health, Special Term should not have denied defendant's request for

psychiatric examinations because of the existence of a family evaluation conducted by a social worker who apparently did not obtain psychiatric assistance in making her custody recommendation *(see, Rosenblitt v Rosenblitt,* 107 AD2d 292). Mangano, J. P., Brown, Rubin and Lawrence, JJ., concur.