■ MICHELINE LOUBEAU, Respondent, v JOHN HANCOCK MUTUAL INSURANCE COMPANY et al., Appellants, et al., Defendants. (And a Third-Party Action.)—In a wrongful death action, the defendants John Hancock Mutual Insurance Company and Diversified Realty Corp. appeal from an order of the Supreme Court, Queens County (Durante, J.), dated July 17, 1984, which (1) denied their motion for leave to serve written interrogatories, and (2) denied their separate motions for an order directing the plaintiff to submit to an additional deposition.

On the court's own motion, the appellants' notice of appeal is treated as an application for leave to appeal from so much of the order appealed from as denied the appellants' motion for an order directing the plaintiff to submit to an additional deposition, said application is referred to Justice Presiding Lazer and leave to appeal is granted by Justice Presiding Lazer.

Order reversed, with costs, and motions granted. The appellants' interrogatories are deemed served, and the plaintiff's time to answer them is extended until 20 days after service upon her of a copy of the order to be made hereon, with notice of entry. The additional deposition of the plaintiff shall be conducted upon written notice of at least 10 days, to be given by the appellants, said written notice to be served within 20 days after service upon the appellants of a copy of the order to be made hereon, with notice of entry, or at such time and place as the parties may agree.

The information sought to be discovered by the appellants herein is clearly "material and necessary" to their defense in the instant wrongful death action *(see,* CPLR 3101 [a]; *Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406; *Fell v Presbyterian Hosp.,* 98 AD2d 624). Accordingly, Special Term erred in denying their discovery requests. Lazer, J. P., Mangano, Bracken and Kooper, JJ., concur.