(February 11, 1988)

■ **CAROLE E. MOSLEY** et al., Respondents, v **ALEXANDERS, INC.**, Defendant and Third-Party Plaintiff-Appellant. **FIELDCREST MILLS, INC.**, Third-Party Defendant-Appellant.—Order of the Supreme Court, Bronx County (Harold Tompkins, J.), entered on July 15, 1987, which, *inter alia,* denied defendant's motion for further physical and psychiatric examinations and deposition of plaintiff Kenyetta Mosley, is unanimously modified on the law, the facts and in the exercise of discretion, and defendant's motion granted only to the extent of permitting an additional deposition of plaintiff Kenyetta Mosley and otherwise affirmed, without costs or disbursements.

This is an action to recover damages for personal injuries allegedly sustained by plaintiff Kenyetta Mosley on February 12, 1981 as the result of the malfunction of an electric blanket purchased from defendant Alexanders, Inc. and manufactured by third-party defendant Fieldcrest Mills, Inc. At the time of the accident, plaintiff was 12 years old; she is now 19 years of age. Following the commencement of the instant lawsuit in July of 1981, certain discovery proceedings were conducted, including depositions and physical examinations of Kenyetta Mosley. Thereafter, this case remained dormant for more than four years until it was reactivated in 1986 when plaintiffs noticed a second deposition of one of Fieldcrest's employees whose prior deposition had apparently been incomplete. Defendant subsequently filed the motion which is the subject of the present appeal pursuant to which they sought, in part, to compel a further physical and psychiatric examination of

Kenyetta Mosley, as well as to additionally depose her. In denying the motion, the Supreme Court stated that "[w]hile several years have elapsed since the depositions and physical examinations, no need has been demonstrated for such additional examinations. Plaintiff has not alleged any new injuries".

Parties to a litigation are entitled to "full disclosure of all evidence material and necessary in the prosecution or defense of an action" (CPLR 3101 [a]). As the Court of Appeals declared in *Cynthia B. v New Rochelle Hosp. Med. Center* (60 NY2d 452, 461), the "discovery provisions of the CPLR have traditionally been liberally construed to require disclosure 'of any facts bearing on the controversy which will assist [parties'] preparation for trial' (see *Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406). 'The test is one of usefulness and reason' *(id.)*". The "material and necessary" standard has been applied to allow for further depositions of parties in order to facilitate full disclosure and to prevent unfair surprise or prejudice *(see, Loubeau v John Hancock Mut. Ins. Co.,* 123 AD2d 348; *Keane v Ranbar Packing,* 121 AD2d 601). In the situation before us, when Kenyetta Mosley was initially deposed some six years ago, she was still a child and, thus, unable to supply all of the information requested by defendant. Moreover, at that time she was still in the process of recovering from her purported injuries. Now she is an adult and in a much better position to respond to questions concerning the physical and emotional effects of her accident. Accordingly, the Supreme Court should have granted defendant's motion to the extent of permitting an additional deposition of plaintiff Kenyetta Mosley. Concur—Murphy, P. J., Sandler, Carro, Milonas and Smith, JJ.