■ LAWRENCE ROUEN, Respondent, v CHRYSLER CREDIT CORPORATION et al., Appellants.—Order, Supreme Court, New York County (C. Beauchamp Ciparick, J.), entered November 12, 1987, which denied defendants-appellants' motion for an

order directing plaintiff-respondent to submit to neurological and psychological examinations, unanimously reversed, on the law, facts and in the exercise of discretion, and the motion for two separate examinations granted, without costs.

Plaintiff-respondent was injured, in October 1985, in a head-on collision with a vehicle owned by defendant-appellant Chrysler Credit Corporation and operated by its employee, defendant-appellant Edward P. Dennis. In this action, respondent has alleged numerous neurological and psychological injuries resulting from the collision. He was examined seven times by his own neurologist between the end of October 1985 and late January 1988. Appellants' clinical psychologist, Dr. Herbert Fischer, examined respondent on November 10, 1986. He concluded in his report that judgment concerning the final status of respondent's cognitive functioning should be reserved "at least for another year, since further improvement is ordinarily expected to occur during this period." And he noted that respondent's intention to enter a cognitive retraining program was "among the important factors to consider prognostically." Appellants, however, requested no further examinations of respondent until several months after the note of issue had been served and filed on April 29, 1987. Shortly before the pretrial conference, appellants requested that respondent submit to a second psychological examination and a neurological examination, and they moved the court for an order directing such examinations. The court denied the request for a separate neurological examination and granted appellant leave to renew the motion for a psychological examination after a trial date had been set.

Dr. Fischer's 1986 report establishes the need for a subsequent psychological evaluation of respondent to determine if there has been any improvement in his condition. Although respondent contends that a "neuro-psychological" examination was conducted by Dr. Fischer, the neurological observations in his report only reflect areas in which the disciplines of psychology and neurology overlap. More importantly, Dr. Fischer is not a medical doctor and appellants are entitled to have the opinion of an expert in neurology, which is a medical specialty *(Carden v Callocchio,* 100 AD2d 608 [2d Dept 1984]). Respondent has failed to show prejudice resulting from appellants' tardy request that he submit to these examinations and such tardiness is not, of itself, a ground for denying the motion. *(Hillenbrand v 3801 Review Place,* 72 AD2d 554 [2d Dept 1979]; *Roberson v Fordham Rent-A-Car Corp.,* 38 AD2d 535

[1st Dept 1971].) Concur—Sullivan, J. P., Kassal, Rosenberger and Wallach, JJ.