■ CITY OF POUGHKEEPSIE, Respondent-Appellant, v NUTRA-VET RESEARCH CORPORATION, Appellant-Respondent. (Action No. 1.) NUTRA-VET RESEARCH CORPORATION, Appellant-Respondent, v ZONING BOARD OF APPEALS OF THE CITY OF POUGHKEEPSIE, Respondent-Appellant. (Action No. 2.)—In consolidated actions, *inter alia,* to enjoin the alleged illegal use of premises owned by Nutra-Vet Research Corporation, (1) Nutra-Vet Research Corporation appeals from (a) so much of an order of the Supreme Court, Dutchess County (Beisner, J.), entered March 3, 1989, as granted, without a hearing, the motion of the City of Poughkeepsie to impose sanctions upon it for failing to comply with a stipulation of settlement to the extent of fining it $250 per week for the period from February 26, 1987 through August 31, 1988, and (b) a judgment of the same court, entered April 12, 1989, which is in favor of the city and against it in the principal sum of $19,750, and (2) the City of Poughkeepsie cross-appeals (a) from so much of the order entered March 3, 1989 as denied so much of its motion which was to impose additional penalties, and (b) on the ground of inadequacy, from the judgment entered April 12, 1989.

Ordered that the appeal and the cross appeal from the order are dismissed; and it is further,

Ordered that the judgment is modified by deleting therefrom the term "$19,750" and substituting therefor the term "$17,750", as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Dutchess County, for further proceedings consistent herewith; and it is further,

Ordered that the City of Poughkeepsie is awarded one bill of costs.

The appeal and cross appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal and cross appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The Supreme Court properly determined that the penalty contained in paragraph 12 of the stipulation of settlement was not unenforceable as violative of public policy, as the penalty imposed is the same penalty authorized by the City of Poughkeepsie Zoning and Land Use Code for failure to cure a violation of that ordinance (City of Poughkeepsie Zoning and Land Use Code § 19-7.8 [1]; *see, Truck Rent-A-Center v Puritan Farms 2nd,* 41 NY2d 420, 424; *City of Rye v Public Serv. Mut. Ins. Co.,* 34 NY2d 470, 472-473). Moreover, by the express

terms of paragraph 12 of the stipulation, a weekly penalty of $250 was mandated upon the failure of Nutra-Vet Research Corporation to remove its trailers by the date specified in the stipulation.

However, given that there is a factual dispute as to whether the trailers were removed in July 1988 as alleged by Nutra-Vet Research Corporation, or in September 1988 as is urged by the City of Poughkeepsie, the court erred in concluding, without a hearing, that Nutra-Vet Research Corporation violated the stipulation of settlement through August 31, 1988. Accordingly, the matter is remitted to the Supreme Court, Dutchess County, for a hearing to determine when the trailers were removed, and for a recalculation of the fines, if any, to be imposed in addition to the $17,500 for the period from July 1988 through September 1988.

The City of Poughkeepsie's contention that the Supreme Court erred in not awarding it additional penalties is without merit. Brown, J. P., Eiber, Harwood and Rosenblatt, JJ., concur.