OPINION OF THE COURT
Stanley L. Sklar, J.
The issue presented is whether the defendant is entitled to *716 a new physical examination of the plaintiff, to substitute for the examination already held, because defense counsel recently received important information about the original examining physician. I hold that the defendant is not entitled to a new examination.
Defendant seeks a new physical examination of plaintiff Allen Cramer to replace the one already conducted by Dr. Gary Korenman, a neurologist, on April 26, 1991. Defendant’s request is based on counsel’s assertions that "certain very significant aspects of Dr. Korenman’s professional life and status have recently come to my attention,” and that, based on counsel’s "ethical obligations” he should not disclose these "situations” in court papers. Counsel further asserts that these "situations” make Dr. Korenman’s continued participation in the defense of this case virtually impossible. He requests an in camera session to discuss the details of the "situations.”
Plaintiffs oppose, asserting substantial prejudice if defendant fails to produce this material witness without disclosing the nature of the alleged problem and allowing them an opportunity to be heard. They contend that Dr. Korenman’s report is beneficial to them and that defendant is simply trying to avoid producing him and thus avoid a "missing witness charge” for failing to produce him at trial.
While under certain circumstances it may be proper to require a plaintiff to submit to more than one physical examination under CPLR 3121 (Buerger v County of Erie, 101 AD2d 1025 [4th Dept 1984]), a further examination will only be permitted where special, unusual or extraordinary circumstances are spelled out factually by the defendant. (See, Price v Brody, 7 AD2d 204, 206 [1st Dept 1959]; Fuoco v Boyle Bros., 40 AD2d 943 [4th Dept 1972]; 22 NYCRR 202.21.) Defendant must show a need for a more thorough disclosure of the plaintiff’s physical condition. (Korolyk v Blagman, 89 AD2d 578, 579 [2d Dept 1982].)
Following submission of the motion I requested that defendant provide a letter setting forth the nature of the aspects of Dr. Korenman’s life which is the basis for this application, the date when the events in Dr. Korenman’s life occurred, and the date when this information came to defense counsel’s attention. I instructed defense counsel to send plaintiffs’ counsel a copy of this letter deleting only the information about the aspects of Dr. Korenman’s life which are of concern to defen *717 dont. Defense counsel sent plaintiffs’ counsel a letter but only provided the date when the information came to defense counsel’s attention. It is clear after review of defense counsel’s letter that no basis for a further examination has been shown.
Here, defendant has failed to demonstrate any unusual or special circumstances warranting an additional examination. Defendant has made no claim or demonstration of need for a more thorough examination. Again, plaintiffs have not supplemented their bill of particulars to add any additional injuries which might warrant a second examination. (See, Buerger v County of Erie, supra; see also, Lopez v Reiff, 156 AD2d 184 [1st Dept 1989].) Defendant either disagrees with Dr. Korenman’s report or he is concerned that plaintiffs will attempt to impeach his credibility with the facts set forth in defense counsel’s letter, should plaintiffs discover these facts. Neither of these reasons constitutes a basis for a second examination.
The aspects of Dr. Korenman’s life set forth in the letter are purely collateral. Since they relate to circumstances which occurred long before the examination of plaintiff, defense counsel could have discovered these facts with due diligence before Dr. Korenman was engaged. Indeed, defense counsel concedes that these facts came to defense counsel’s attention following a "routine” investigation of Dr. Korenman’s background conducted in connection with an unrelated case. Therefore defendant’s application is denied.
[Portions of opinion omitted for purposes of publication.]