■ BRIDGET YOUNG et al., Respondents, v HENRY KALOW et al., Defendants, and COUNTY OF WESTCHESTER, Appellant. (And Two Other Titles.) [625 NYS2d 231] —In an action to recover damages for personal injuries, etc., the defendant County of Westchester appeals from an order of the Supreme Court, Westchester County (Rosato, J.), entered November 16, 1993, which denied its motion to compel the plaintiff Bridget Young to submit to continued neuropsychological examination.

Ordered that the order is reversed, as a matter of discretion, with costs, the motion is granted, and the neuropsychological examination of Bridget Young shall continue at such time and place as shall be fixed in a written notice by the appellant of not less than 10 days, or at such other time and place as the parties may agree.

Bridget Young allegedly suffered extensive neuropsychological injuries resulting from an automobile accident. While the appellant's examining neuropsychologist had an opportunity to examine Young on two separate days, he was unable to complete his examination because Young had arrived late for the examinations. In addition, the appellant's neuropsychologist indicated that the results of his first examination were rendered meaningless by Young's condition that day. When he attempted to readminister certain tests during the second examination, he was prevented from doing so by the plaintiffs' counsel. Moreover, he indicated that he was not given the results of Young's prior neuropsychological examinations conducted by the plaintiffs' treating physician. Based on the foregoing, the appellant's neuropsychologist indicated that he could not completely and accurately evaluate Young's condition.

The principle underlying the physical or mental examinations provided for in CPLR 3121 is to attempt to narrow down the areas of medical dispute and ultimately eliminate the controversy surrounding the medical issues in personal injury cases (see, Lapera v Shafron, 159 AD2d 614). There is no restriction in CPLR 3121 limiting the number of examinations to which a party may be subjected, and a subsequent examination is permissible where the party seeking the examination demonstrates the necessity for it (see, Radigan v Radigan, 115 AD2d 466). Based on the record before us, we conclude that the appellant has demonstrated the necessity for continued neuropsychological examination of Young. Thus, we substitute our discretion for that of the Supreme Court and grant the appellant's motion (see, Burger v Bladt, 112 AD2d 127; Carden

v *Callocchio,* 100 AD2d 608). Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.