**■** LAWRENCE HUGGINS, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Defendant. [640 NYS2d 199]

The appellant's motion insofar as it sought a further deposition of the plaintiff concerning questions objected to at his examination before trial was, in effect, an application seeking a ruling on an examination before trial, and an order made upon such an application is not appealable as of right (*see, Cruz v Roman Catholic Church for Most Holy Trinity*, 222 AD2d 395; *Forte v Franklin Gen. Hosp.*, 185 AD2d 914). We decline to grant the appellant leave to appeal from that portion of the order which denied its request for an additional deposition of the plaintiff.

There is no restriction in CPLR 3121 limiting the number of physical or mental examinations to which a party may be subjected, and a subsequent examination is permissible where the party seeking the examination demonstrates the necessity for it (*see, Young v Kalow*, 214 AD2d 559). We conclude that the appellant established a need for a further independent psychiatric examination of the plaintiff in view of his allegations as to the duration and severity of his psychiatric injuries in his supplemental bill of particulars, which was served two years after his examination by the appellant's expert (*see generally, Korolyk v Blagman*, 89 AD2d 578). By retaining the matter on the trial calendar, the plaintiff will suffer no prejudice as a result of submitting to an additional examination (*see, D'Amico v Nuzzo*, 122 AD2d 246). Bracken, J. P., Rosenblatt, O'Brien and Goldstein, JJ., concur.