■ Saul Futersak et al., Respondents, v Joseph Brinen, Appellant. [697 NYS2d 89] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Alpert, J.), dated June 17, 1999, which denied his motion to compel the infant plaintiff to submit to an additional physical examination.

Ordered that the order is affirmed, with costs.

We reject the defendant's contention that the injured plaintiff should be compelled to submit to an additional physical examination. While there is no restriction in CPLR 3121 (a) on the number of examinations to which a party may be subjected, an additional examination is permissible only where the party seeking the examination demonstrates the necessity for it (*see, Huggins v New York City Tr. Auth.,* 225 AD2d 732; *Young v Kalow,* 214 AD2d 559; *Radigan v Radigan,* 115 AD2d 466). In addition, after a note of issue has been filed, as in this case, a defendant must demonstrate that unusual and unanticipated circumstances developed subsequent to the filing of the note of issue to justify an additional examination (*see,* 22 NYCRR 202.21; *Frangella v Sussman,* 254 AD2d 391; *Stella v Ahmed,* 223 AD2d 698). Here, the fact that the examining physician was subjected to professional discipline subsequent to his examination of the infant plaintiff does not justify an additional examination by another physician, as the mere concern that the plaintiffs may impeach the examining physician's credibility with this information is not a sufficient basis for a second examination (*see, Cramer v Winnick,* 162 Misc 2d 715). S. Miller, J. P., Thompson, Krausman, Florio and Schmidt, JJ., concur.