■ Al Schissler, Appellant, v Brookdale Hospital Center et al., Respondents. (And a Third-Party Action.) [735 NYS2d 412] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (M. Garson, J.), dated June 5, 2001, as granted that branch of the defendants' motion which was for permission to conduct a second orthopedic examination of him.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, and that branch of the defendants' motion which was for permission to conduct a second orthopedic examination of the plaintiff is denied.

We reject the defendants' contention that the plaintiff should be compelled to submit to an additional orthopedic examination. While there is no restriction in CPLR 3121 (a) on the number of examinations to which a party may be subjected, an additional examination is permissible only where the party seeking the examination demonstrates the necessity for it (*see, Huggins v New York City Tr. Auth.,* 225 AD2d 732). In addition, after a note of issue has been filed, as in this case, a defendant must demonstrate that unusual and unanticipated circumstances developed subsequent to the filing of the note of issue to justify an additional examination (*see,* 22 NYCRR 202.21; *Frangella v Sussman,* 254 AD2d 391). Here, the fact that the examining physician was subjected to professional discipline subsequent to his examination of the plaintiff does not justify an additional examination by another physician. The defendants' concern that the plaintiff may impeach the examining physician's credibility with the information that he was disciplined is not a sufficient basis to direct a second examination (*see, Futersak v Brinen,* 265 AD2d 452). Ritter, J. P., Goldstein, Friedmann, Feuerstein and Crane, JJ., concur.