■ ANGELINA RINALDI et al., Respondents, v EVENFLO COMPANY, INC., et al., Appellants, et al., Defendant. [881 NYS2d 104]—

In an action to recover damages for personal injuries, etc., the defendants Evenflo Company, Inc., and Toys "R" Us appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Agate, J.), dated July 2, 2008, as denied the cross motion of the defendant Evenflo Company, Inc., to compel the five-year-old infant plaintiff Eternity Alvarado to appear for a further independent medical examination to be conducted without the presence of her mother and natural guardian, the plaintiff Angelina Rinaldi.

Ordered that the appeal by the defendant Toys "R" Us is dismissed, as that defendant is not aggrieved by the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant Evenflo Company, Inc.; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

Contrary to the contentions of the defendant Evenflo Company, Inc. (hereinafter the defendant), the Supreme Court did not improvidently exercise its discretion in denying its cross motion to compel the five-year-old infant plaintiff to undergo a second independent medical examination. "The supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court (*see Matter of U.S. Pioneer Elec. Corp. [Nikko Elec. Corp.]*, 47 NY2d 914, 916) and, absent an improvident exercise of that discretion, its determination will not be disturbed" (*Mattocks v White Motor Corp.*, 258 AD2d 628, 629 [1999]; *see Kaplan v Herbstein*, 175 AD2d 200 [1991]). While there is no restriction in CPLR 3121 limiting the number of examinations to which a party may be subjected, a party seeking a further examination must demonstrate the necessity for it (*see Young v Kalow*, 214 AD2d 559 [1995]; *Huggins v New York City Tr. Auth.*, 225 AD2d 732 [1996]). The affidavit of the defendant's medical expert submitted in support of the cross motion was too vague and conclusory to warrant subjecting the infant plaintiff to a second examination. Skelos, J.P., Florio, Balkin, Belen and Austin, JJ., concur.