CHRISTINE TUCKER, Respondent, v BAY SHORE STORAGE WAREHOUSE, INC., et al., Appellants. [893 NYS2d 138]—

Contrary to the defendants' contentions, the Supreme Court did not improvidently exercise its discretion in denying that branch of their motion which was to compel the plaintiff to undergo a second independent medical examination. "The supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the

trial court and, absent an improvident exercise of that discretion, its determination will not be disturbed" (*Mattocks v White Motor Corp.*, 258 AD2d 628, 629 [1999] [citations omitted]; *see Kaplan v Herbstein*, 175 AD2d 200 [1991]). While CPLR 3121 does not limit the number of examinations to which a party may be subjected, a party seeking a further examination must demonstrate the necessity for it (*see Young v Kalow*, 214 AD2d 559 [1995]; *see also Huggins v New York City Tr. Auth.*, 225 AD2d 732 [1996]). Here, the defendants failed to show that a further physical examination of the plaintiff was required. While we strongly disapprove of the plaintiff's counsel instructing the plaintiff to refuse to respond to questions relating to her relevant past medical history, there was no indication by the defendants' examining physician that his prior examination was hindered, or that he required additional information. Skelos, J.P., Florio, Balkin, Belen and Austin, JJ., concur.