■ RANDY CARRINGTON, Respondent, v TRUCK-RITE DIST. SYSTEMS CORP. et al., Appellants. [959 NYS2d 258]—

In an action to recover damages for personal injuries, the defendants appeal, by permission, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Kurtz, J.), dated May 8, 2012, as denied that branch of their application which was to compel the plaintiff to submit to an additional orthopedic examination.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in denying that branch of the defendants' application which was to compel the plaintiff to submit to an additional orthopedic examination. While there is no restriction in CPLR 3121 (a) limiting the number of examinations to which a plaintiff may be subjected, a defendant seeking a further examination must demonstrate the necessity for it (*see Rinaldi v Evenflo Co., Inc.*, 62 AD3d 856 [2009]; *Huggins v New York City Tr. Auth.*, 225 AD2d 732, 733 [1996]; *Young v Kalow*, 214 AD2d 559 [1995]). In addition, after a note of issue has been filed, as in this case, a defendant must demonstrate that unusual and unanticipated circumstances developed subsequent to the filing of the note of issue to justify an additional examination (*see* 22 NYCRR 202.21; *Schissler v Brookdale Hosp. Ctr.*, 289 AD2d 469, 470 [2001]; *Frangella v Sussman*, 254 AD2d 391, 392 [1998]). Here, the fact that the defendants' examining physician was arrested and temporarily surrendered his medical license subsequent to his examination of the plaintiff and the filing of the note of issue did not justify an additional examination by another physician. The defendants' concern that the plaintiff may impeach the examining physician's credibility with this information was not a sufficient basis to compel a second examination (*see Schissler v Brookdale Hosp. Ctr.*, 289 AD2d at 470; *Futersak v Brinen*, 265 AD2d 452 [1999]). Dillon, J.P., Hall, Roman and Cohen, JJ., concur.