OPINION OF THE COURT
Jeffrey S. Brown, J.
Defendants move for an order granting them an additional physical examination of the plaintiff.
On January 8, 2013, Dr. Robert Israel, an orthopedic surgeon, examined the plaintiff and issued a report to defendants’ insurance carrier. Counsel for defendants contends that on or about May 30, 2013 Dr. Israel entered into a consent order with the New York State Department of Health, State Board for Professional Medical Conduct, wherein he agreed to be placed on probation for a period of three years. Further, his license to practice medicine was suspended, which precluded him from engaging in any practice as an independent medical examiner. Further, he volunteered to stop practicing as an independent medical examiner as of March 2013. An order was attached to the moving papers.
An inquiry was subsequently made with respect to the disciplinary order. The Deputy Counsel for the New York State Department of Health stated that he would not address the issue of whether the licensee is “available” or “unavailable” to any particular party in a civil litigation. Counsel states that the order does not bar all testimony nor permit all testimony. Further, the letter states: “If the licensee, in the future, testifies about acts performed, observations or findings made, or opinions and/or diagnoses rendered, respectively, at a time that predates the effective date of the order, we would not consider that to be reportable as a possible violation.”
Defendants contend that defendants’ experts are routinely asked their opinion not only to findings at the time of the examination, but also asked opinions on the observations and findings of other experts. Defendants allege that the testimony of other physicians’ findings, observations and opinions would violate the consent order. As a result, Dr. Israel is unavailable to testify since he would be asked to offer testimony regarding subsequent and/or supplemental medical information.
*643 Plaintiff argues that a note of issue was filed approximately one year ago. Prior to that time, counsel for the defendants failed to bring an application, even though this issue came to light as of the May 30, 2013 consent order. Further, on October 8, 2013, counsel for defendants made an application for summary judgment relying upon Dr. Israel’s examination of January 2013. Counsel for plaintiff addressed the disciplinary proceeding in her opposition to the motion. Counsel for plaintiff contends that counsel for defendants said nothing in their reply about Dr. Israel’s suspension and probation. Summary judgment was subsequently denied (Brown, J., Mar. 21, 2014). Plaintiff’s counsel opines, however, that defendants’ counsel should have known about the consent order.
Plaintiff states that this case came up on the trial calendar on January 28, 2014. Plaintiff states that defendant agreed to mark this case ready despite the existence of the consent order. The case came up for jury selection on May 19, 2014 and was on the calendar for November 5, 2014, and is presently on the calendar for November 19, 2014. However, it was not until September 17, 2014 that the instant motion was made.
Plaintiff argues that since the note of issue has been filed, defendants would be barred from making this application. The evidence reveals that defendants’ counsel was aware of this problem prior to the filing of the note of issue. Plaintiff further argues that Dr. Israel is available to testify. There were no new medical exchanges since the January 8, 2013 examination. Counsel opines that Dr. Israel’s findings were good enough to offer in support of a summary judgment motion, but suddenly are not good enough to be used now. Plaintiff contends that any questions Dr. Israel may be asked at trial are speculative and vague.
22 NYCRR 202.21 (e) provides in relevant part that in order to vacate a note of issue more than 20 days after its service good cause must be shown. Counsel for defendant was made aware of Dr. Israel’s disciplinary record, minimally, on or about December 29, 2013 when counsel for plaintiff addressed it in their opposition to defendants’ motion for summary judgment. Counsel for defendant apparently did not reply to this allegation.
The court is unaware whether counsel for defendants was made aware of this consent order prior to that date. However, counsel still waited almost nine months before bringing the instant application.
*644 On January 28, 2014, this case was marked ready for trial, and a pretrial conference was held. It was adjourned until March 10, 2014 (DCM Trial Part), May 19, 2014 (Central Jury for jury selection), and September 17, 2014 (Central Jury). It was not until on or about September 17, 2014 that the instant order to show cause was brought to the court for signature. There was no stay of trial requested in the order to show cause.
In Carrington v Truck-Rite Dist. Sys. Corp. (103 AD3d 606, 607 [2d Dept 2013]) the appellate court stated that once a note of issue has been filed, the movant must demonstrate that “unusual and unanticipated circumstances” developed subsequent to the filing of a note of issue to justify an additional examination. In the Carrington case, the Appellate Division found that even though the defendant’s examining physician was arrested and his medical license was temporarily suspended, this fact did not justify an additional examination by another physician. The defendants’ concern that the plaintiff may impeach the examining physician’s credibility with this information was not a sufficient basis to compel a second examination (see also Giordano v Wei Xian Zhen, 103 AD3d 774 [2d Dept 2013]; Schissler v Brookdale Hosp. Ctr., 289 AD2d 469 [2d Dept 2001]).
Defendants’ counsel additionally argues that Dr. Israel is unavailable to testify because it would violate the consent order for him to offer any testimony regarding “subsequent and/or supplemental medical information” or further acts or observations or findings of other experts. In support of their position, counsel cites the case of Simons, Yvonne v Portexit (Sup Ct, Bronx County, June 27, 2014, Douglas, J.), which determined that because Dr. Israel may have been asked to give his opinion about subsequent or supplemental medical information, he could be said to be available to testify. The court notes, however, that in the instant case, there have been no medical exchanges since the January 8, 2013 examination (see plaintiffs affidavit in opposition).
In the case of Moran v EMR Mechanical Corp. (Sup Ct, Kings County, Aug. 5, 2013, Sherman, J.), when faced with similar facts as in the instant case, Justice Sherman determined that Dr. Israel was available to testify. In Moran, Dr. Israel conducted a physical examination of the plaintiff on May 16, 2012. The note of issue was filed on September 28, 2012. Nine months later the consent order was issued, on May 30, 2013. Two weeks later, the application for a new physical was brought. He found that the terms of the consent order made Dr. Israel available to *645 testify in that action. Justice Sherman found that the license restriction does not count as an “unusual or unanticipated circumstance” that would require the designation of a new physician to conduct a physical (see also Rivera v Akindele, Sup Ct, Kings County, Aug. 14, 2013; Haynes v Hossain, Sup Ct, Kings County, Aug. 15, 2013).
There is no basis on this record to presume that Dr. Israel would need to testify about his opinion on any subsequent or supplemental medical information. Any other questions that may be asked of Dr. Israel are simply conjecture. This court agrees with Justice Sherman that Dr. Israel is available to testify at this trial within the confines of the consent order. Thus, under the facts of this case, defendants failed to demonstrate “unusual or unanticipated circumstances” that would cause this court to compel plaintiff to appear for a second physical examination.
Accordingly, defendants’ motion is denied. All applications not specifically addressed herein are denied.