■ NIKOLAOS KARANIKOLAS et al., Respondents, v ELIAS TAVERNA, LLC, Doing Business as BREAD & OLIVE THE MIDDLE EASTERN PLACE, Appellant, and 20 JOHN STREET, LLC, Respondent. (And a Third-Party Action.) [10 NYS3d 141]—

In an action to recover damages for personal injuries, etc., the defendant Elias Taverna, LLC, doing business as Bread & Olive The Middle Eastern Place, appeals, as limited by its no-

tice of appeal and a stipulation dated April 25, 2014, from so much of an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), entered July 10, 2013, as granted that branch of its cross motion which was to compel the plaintiff Nikolaos Karanikolas to submit to a further deposition only to the extent of directing a further deposition of Nikolaos Karanikolas on the issue of loss of future earnings, and denied that branch of its cross motion which was to compel Nikolaos Karanikolas to submit to additional orthopedic and vocational rehabilitation examinations.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The Supreme Court providently exercised its discretion in granting that branch of the cross motion of the defendant Elias Taverna, LLC, doing business as Bread & Olive The Middle Eastern Place (hereinafter Elias Taverna), which was to compel the plaintiff Nikolaos Karanikolas (hereinafter the injured plaintiff) to submit to a further deposition only to the extent of directing a further deposition of the injured plaintiff on the issue of loss of future earnings, and denying that branch of the cross motion which was to compel the injured plaintiff to submit to additional orthopedic and vocational rehabilitation examinations. While CPLR 3101 (a) provides for full disclosure of all evidence material and necessary to the prosecution or defense of an action, unlimited disclosure is not required, and supervision of disclosure is generally left to the trial court's broad discretion (see Conte v County of Nassau, 87 AD3d 558 [2011]; Constantino v Dock's Clam Bar & Pasta House, 60 AD3d 612 [2009]; Youngquist v Youngquist, 44 AD3d 1034 [2007]; Auerbach v Klein, 30 AD3d 451 [2006]; Silcox v City of New York, 233 AD2d 494 [1996]). In this case, Elias Taverna failed to demonstrate that a further deposition of the injured plaintiff on any subject other than the issue of loss of future earnings would be material or necessary to its defense (see Loubeau v John Hancock Mut. Ins. Co., 123 AD2d 348 [1986]), or that there was a need for him to submit to additional orthopedic and vocational rehabilitation examinations (see Huggins v New York City Tr. Auth., 225 AD2d 732 [1996]; Young v Kalow, 214 AD2d 559 [1995]). The supplemental bills of particulars exchanged after the injured plaintiff was deposed and submitted to independent medical examinations contained allegations of loss of future earnings, but did not allege any new injuries (see Fortunato v Personal Woman's Care, P.C., 31 AD3d 370 [2006]). The plaintiffs have never alleged that the injured

plaintiff has new or additional injuries or that the nature and extent of his existing injuries have changed dramatically, and Elias Taverna failed to show why the information obtained from its prior examinations of the injured plaintiff has become inadequate. Skelos, J.P., Chambers, Maltese and Duffy, JJ., concur.