◼ ISAUL VARGAS, Respondent, v CITY OF NEW YORK et al., Appellants, et al., Defendants. [45 NYS3d 525]—

In an action, inter alia, to recover damages for personal injuries, the defendants City of New York and Angel Colon ap-

peal from an order of the Supreme Court, Kings County (Knipel, J.), dated October 2, 2014, which denied their motion pursuant to CPLR 3104 (d) to review so much of an order of the same court (Schneier, J.H.O.), dated August 13, 2014, as granted that branch of their motion which was to compel the plaintiff to submit to an additional neuropsychological examination only to the extent of directing the plaintiff to appear for four to six hours of additional neuropsychological examination, and otherwise denied that branch of the motion, and granted that branch of the plaintiff's cross motion which was to permit the plaintiff to videotape the additional neuropsychological examination.

Ordered that the order dated October 2, 2014, is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants City of New York and Angel Colon which was to review so much of the order dated August 13, 2014, as granted that branch of the plaintiff's cross motion which was to permit the plaintiff to videotape the additional neuropsychological examination, and substituting therefor a provision granting that branch of the motion, and, upon review, vacating so much of the order dated August 13, 2014, as granted that branch of the plaintiff's cross motion which was to permit the plaintiff to videotape the additional neuropsychological examination, and thereupon, denying that branch of the cross motion; as so modified, the order dated October 2, 2014, is affirmed, without costs or disbursements.

The plaintiff commenced this action, inter alia, to recover damages for personal injuries he allegedly sustained when a motor vehicle operated by the defendant Angel Colon, a New York City police officer, and owned by the defendant City of New York (hereinafter together the defendants) collided with a bicycle the plaintiff was riding in Brooklyn. In February 2014, the plaintiff appeared for a neuropsychological examination that was conducted by a neuropsychologist retained by the defendants, and left after undergoing one hour of neuropsychological evaluation and one hour of clinical review. Thereafter, the defendants moved, inter alia, to compel the plaintiff to appear for an additional 7 to 11 hours of neuropsychological examination and one hour of clinical review, and the plaintiff crossmoved for a protective order to prevent a further neuropsychological examination of the plaintiff or, in the alternative, to permit the plaintiff to videotape the additional neuropsychological examination.

The Judicial Hearing Officer (hereinafter the JHO) appointed by the Supreme Court to supervise discovery as a referee (*see*

CPLR 3104) issued an order dated August 13, 2014, inter alia, granting that branch of the defendants' motion which was to compel the plaintiff to submit to an additional neuropsychological examination only to the extent of directing the plaintiff to appear for four to six hours of additional neuropsychological examination, and granted that branch of the plaintiff's cross motion which was to permit the plaintiff to videotape the examination. In an order dated October 2, 2014, the Supreme Court denied the defendants' motion pursuant to CPLR 3104 (d) to review the aforementioned provisions of the order dated August 13, 2014. We modify.

Pursuant to CPLR 3121, where "the mental or physical condition . . . of a party . . . is in controversy, any party may serve notice on another party to submit to a physical, [or] mental . . . examination by a designated physician" (CPLR 3121 [a]; *see Lewis v John*, 87 AD3d 564, 565 [2011]). "While there is no restriction in CPLR 3121 (a) limiting the number of medical examinations to which a plaintiff may be subjected, a defendant seeking a further examination must demonstrate the necessity for it" (*Giordano v Wei Xian Zhen*, 103 AD3d 774, 775 [2013]; *see Tucker v Bay Shore Stor. Warehouse, Inc.*, 69 AD3d 609, 610 [2010]; *Rinaldi v Evenflo Co., Inc.*, 62 AD3d 856, 856 [2009]). Here, contrary to the defendants' contention, they failed to demonstrate the necessity for continued neuropsychological examination of the plaintiff beyond the additional four to six hours allotted by the JHO (*see Bravo v Vargas*, 113 AD3d 577, 579 [2014]; *cf. Young v Kalow*, 214 AD2d 559, 559 [1995]). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was to review so much of the order dated August 13, 2014, as granted that branch of their motion was to compel the plaintiff to submit to an additional neuropsychological examination only to the extent of directing the plaintiff to appear for four to six hours of additional neuropsychological examination.

However, the Supreme Court erred in denying that branch of the defendants' motion which was to review so much of the order dated August 13, 2014, as granted that branch of the plaintiff's cross motion which was to permit the plaintiff to videotape the additional neuropsychological examination. While "a plaintiff will normally be entitled to have his or her attorney present at an IME," "permission to employ the additional measure of videotaping the examination will be granted only where the plaintiff establishes the existence of special and unusual circumstances" (*Bermejo v New York City Health & Hosps. Corp.*, 135 AD3d 116, 145 [2015]). Here, the

record does not reflect the existence of any special and unusual circumstances which would justify permitting the plaintiff to videotape the examination (*see Flores v Vescera*, 105 AD3d 1340, 1340 [2013]; *Cooper v McInnes*, 112 AD3d 1120, 1121 [2013]; *Lamendola v Slocum*, 148 AD2d 781, 781 [1989]). Chambers, J.P., Roman, Maltese and Barros, JJ., concur.