■ SHAKIRA SHERAUNE HARRIS, Respondent, v CHRISTIAN CHURCH OF CANARSIE, INC., et al., Appellants. [47 NYS3d 114]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Knipel, J.), dated June 11, 2015, which denied their motion pursuant to CPLR 3104 (d) to review so much of an order of the same court (Schneier, J.H.O.) dated April 16, 2015, as denied that branch of their motion which was pursuant to CPLR 3126 to compel the plaintiff to appear for a physical examination by a spinal surgeon.

Ordered that the order dated June 11, 2015, is reversed, on the law, on the facts, and in the exercise of discretion, with costs, the defendants' motion pursuant to CPLR 3104 (d) is granted, and upon review, so much of the order dated April 16, 2015, as denied that branch of the defendants' motion which was pursuant to CPLR 3126 to compel the plaintiff to appear for a physical examination by a spinal surgeon is vacated, and thereupon, that branch of the defendants' motion is granted.

Although the trial court is afforded broad discretion in supervising disclosure, this Court is vested with its own discretion and corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse (see *Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc.*, 11 NY3d 843, 845 [2008]; *Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 745 [2000]).

The Supreme Court improvidently exercised its discretion in concluding that the plaintiff should not be required to appear for an additional physical examination by a spinal surgeon. CPLR 3121 (a) provides that, where the physical condition of the plaintiff is in controversy, "any party may serve notice on another party to submit to a physical . . . examination by a designated physician." While there is no restriction in CPLR 3121 (a) limiting the number of medical examinations to which a plaintiff may be subjected, a defendant seeking a further examination must demonstrate the necessity for it (see *Giordano v Wei Xian Zhen*, 103 AD3d 774, 775 [2013]; *Rinaldi v Evenflo Co., Inc.*, 62 AD3d 856, 856 [2009]; *Huggins v New York City Tr. Auth.*, 225 AD2d 732, 733 [1996]). Here, the defendants demonstrated that the information obtained from their examining neurologist and orthopedist was inadequate with respect to the allegations contained in the plaintiff's

supplemental bill of particulars regarding the condition of her lumbar spine after spinal surgery (see *Marashaj v Rubin*, 132 AD3d 641, 642 [2015]; *Streicker v Adir Rent A Car*, 279 AD2d 385, 385 [2001]; *Dominguez v Manhattan & Bronx Surface Tr. Operating Auth.*, 168 AD2d 376, 376 [1990]; *Rouen v Chrysler Credit Corp.*, 145 AD2d 381, 382 [1988]). Accordingly, the defendants' motion to review so much of the order dated April 16, 2015, as denied that branch of their motion which was to compel the plaintiff to appear for a physical examination by a spinal surgeon should have been granted, and upon review, that branch of their motion should have been granted. Rivera, J.P., Roman, Duffy and Brathwaite Nelson, JJ., concur.