Charles Deng Acupuncture, P.C., as Assignee of Pierre, Rose E., Respondent,
against
Omni Indemnity Company, Appellant.




Freiberg, Peck & Kang, LLP (Yilo J. Kang of counsel), for appellant.
The Rybak Firm, PLLC (Damien J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (John J. Kelley, J.), entered November 18, 2016. The order, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint and granted the branch of plaintiff's cross motion seeking leave to amend the caption to add American Independent Insurance Company as a defendant.




ORDERED that so much of the appeal as is from the portion of the order that granted the branch of plaintiff's cross motion seeking leave to amend the caption to add American Independent Insurance Company as a defendant is dismissed, as defendant is not aggrieved thereby (see CPLR 5511; Rinaldi v Evenflo Co., Inc., 62 AD3d 856 [2009]); and it is further,
ORDERED that the order, insofar as appealed from and reviewed, is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from so much of an order of the Civil Court as denied defendant's motion which had sought summary judgment dismissing the complaint on the ground that defendant had not issued an insurance policy covering the vehicle which was involved in the accident in question and that, therefore, plaintiff had sued the wrong party. Defendant also appeals from the portion of the order that granted the branch of plaintiff's cross motion seeking leave to amend the caption to add American Independent Insurance Company (AIIC) as a defendant.
In support of its motion, defendant submitted affidavits by its litigation manager and by a manager of AIIC, which affidavits sufficiently established defendant's lack of coverage defense [*2](see Great Health Care Chiropractic, P.C. v Omni Indem. Co., 40 Misc 3d 139[A], 2013 NY SlipOp 51450[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; Astoria Quality Med. Supply v State Farm Mut. Auto. Ins. Co., 31 Misc 3d 138[A], 2011 NY Slip Op 50743[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Notably, the AIIC manager attested that her company had issued the policy covering the accident in question. Plaintiff failed to raise an issue of fact in response. As defendant demonstrated that plaintiff had sued the wrong insurance carrier, defendant was entitled to summary judgment dismissing the complaint (see Tam Med. Supply Corp. v Omni Indem. Co., 48 Misc 3d 142[A], 2015 NY Slip Op 51294[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Vincent Med. Servs., P.C. v Omni Indem. Co., 42 Misc 3d 142[A], 2014 NY Slip Op 50224[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]).
Accordingly, the order, insofar as appealed from and reviewed, is reversed, and defendant's motion for summary judgment dismissing the complaint is granted.
PESCE, P.J., ALIOTTA and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 08, 2019