Abdelfattah v Trevicano (2022 NY Slip Op 02383)

Abdelfattah v Trevicano

2022 NY Slip Op 02383

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2020-00166
 (Index No. 515278/17)

[*1]Ahmed Abdelfattah, respondent,
v
Carmine Trevicano, et al., appellants.

Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for appellants.
Joudeh Kuller & Ram, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Kenneth P. Sherman, J.), dated December 16, 2019. The order, insofar as appealed from, granted that branch of the defendants' motion which was to direct the plaintiff to comply with a prior order of the same court (Lizette Colon, J.) dated July 10, 2019, directing the plaintiff to appear for an additional medical examination, only to the extent of directing the plaintiff to submit to a medical examination by an expert who previously examined the plaintiff.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for injuries he allegedly sustained to the cervical and lumbar regions of his spine in an automobile accident involving a vehicle owned by the defendant General Landscape Design, Inc., and operated by the defendant Carmine Trevicano. After the plaintiff served a bill of particulars and supplemental bill of particulars alleging that he had received epidural steroid injections and needed spinal surgery, on August 2, 2018, he submitted to a medical examination by the defendants' board-certified orthopedic surgeon, Andrew R. Miller. The plaintiff filed a note of issue dated October 17, 2018. The plaintiff underwent spinal fusion surgery on the lumbar region of his spine on May 8, 2019, and served a second supplemental bill of particulars alleging that the surgery was a result of the accident.
The defendants moved, inter alia, to vacate the note of issue, for an additional deposition of the plaintiff, and for additional medical examinations of the plaintiff by specialists of defense counsel's choosing. By order dated July 10, 2019 (hereinafter the July 2019 order), the action remained on the trial calendar over the defendants' objection, the plaintiff was directed to appear for another deposition, the defendants were directed "to designate further IME [independent medical examination] by 10/8/19," and the plaintiff was directed to appear for the medical examination by December 10, 2019.
The plaintiff was deposed again on September 18, 2019. However, the plaintiff refused to appear for a medical examination by Dr. Jeffrey Klein scheduled for November 18, 2019, because his initial medical examination was performed by Dr. Miller.
The defendants moved, inter alia, to direct the plaintiff to comply with the July 2019 [*2]order by submitting to additional medical examinations by specialists of defense counsel's choosing. The plaintiff opposed, contending that the defendants could not direct the plaintiff to submit to a medical examination by a second expert. In the order appealed from, dated December 16, 2019, the Supreme Court, inter alia, granted the defendants' motion to the extent of directing the plaintiff to submit to a medical examination by Dr. Miller, who previously examined the plaintiff. The defendants appeal from so much of the order as required them to designate Dr. Miller as the doctor who would perform the additional examination.
CPLR 3121(a) provides that where the physical condition of a party is in controversy, "any party may serve notice on another party to submit to a physical . . . examination by a designated physician." There is no restriction in CPLR 3121(a) limiting the number of medical examinations. However, a defendant seeking an additional medical examination must demonstrate the necessity for it (see Harris v Christian Church of Canarsie, Inc., 147 AD3d 818, 818). A plaintiff may challenge a defendant's choice of an examining physician based upon a claim of bias against the plaintiff or his or her attorney by the designated examining physician or prejudice against the plaintiff if that examining physician is allowed to testify at trial (see Lewis v John, 87 AD3d 564, 565).
Here, the plaintiff does not dispute the need for an additional medical examination. However, the plaintiff has demonstrated that he would be prejudiced by permitting a second board-certified physician to examine the same part of his body and to produce a second defendants' medical examination as to the same physical condition that was reported on by Dr. Miller before the spinal fusion, which would enable the defendants to have a second physician of the same specialty testify against the plaintiff for the same physical injury (see Vailes v Molloy College, 2019 NY Slip Op 33931[U], *3 [Sup Ct, Nassau County]; Ocampo v City of New York, NYLJ 1202573727112 [Sup Ct, Queens County]).
Moreover, the defendants have not demonstrated the necessity for permitting the additional medical examination to be performed by a physician other than Dr. Miller, a board-certified orthopedic surgeon. The plaintiff notified the defendants of his allegation that he needed spinal surgery in his bill of particulars dated October 12, 2017, which was served before the defendants chose Dr. Miller to conduct the first medical examination. The defendants did not provide any reason that it was necessary for a different physician to conduct the additional medical examination after the spinal surgery. Since the plaintiff has demonstrated that under the circumstances presented here, permitting an additional orthopedic surgeon to examine and produce a second defendants' medical examination report on the same body part previously examined by the defendants' initially selected orthopedic surgeon, who could then testify at trial, would result in prejudice against him, the Supreme Court providently exercised its discretion in directing the plaintiff to submit to a medical examination by Dr. Miller, who previously examined the plaintiff.
The defendants' remaining contention is without merit.
Accordingly, we affirm the order insofar as appealed from.
IANNACCI, J.P., MILLER, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court