Suffolk Real Estate Solutions, Inc. v Marquez (2022 NY Slip Op
51227(U))

[*1]

Suffolk Real Estate Solutions, Inc. v Marquez

2022 NY Slip Op 51227(U) [77 Misc 3d 130(A)]

Decided on November 17, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 17, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2021-236 S C

Suffolk Real Estate Solutions, Inc.,
Respondent,
against
Melissa Marquez and Guillermo Montero, Appellants, et al.,
Undertenants. 

Paula A. Miller, P.C. (Lisa M. Browne of counsel), for appellants.
Paladino Law Group, P.C. (Anthony Iadevaia of counsel), for respondent.

Appeal from an order of the District Court of Suffolk County, First District (Cheryl
M. Helfer, J.), entered October 16, 2020. The order denied a motion by occupant
Guillermo Montero to, in effect, vacate so much of a final judgment of that court entered
August 29, 2019 against him as awarded petitioner the sum of $5,000 in a summary
proceeding commenced pursuant to RPAPL 713 (5).

ORDERED that so much of the appeal as was taken by Melissa Marquez is
dismissed, as she is not aggrieved by the order appealed from (see CPLR 5511;
Rinaldi v Evenflo Co., Inc.,
62 AD3d 856 [2009]); and it is further,
ORDERED that the order is reversed, without costs, and the matter is remitted to the
District Court for a new determination, following a hearing, of occupant's motion to, in
effect, vacate so much of the final judgment as awarded petitioner the sum of
$5,000.
In this summary proceeding commenced pursuant to RPAPL 713 (5), only Guillermo
Montero (occupant) appeared. He entered into a stipulation of settlement which provided
for the entry of a final judgment awarding possession to petitioner. It further provided
that "respondent" [*2]would vacate the premises by July
31, 2019 and that, in the event of a failure to comply, petitioner would be awarded
$5,000 representing use and occupancy. Petitioner's attorney subsequently filed an
affirmation of noncompliance, alleging, insofar as is relevant to this appeal, that occupant
had failed to vacate the premises by July 31, 2019. A final judgment was entered only
against occupant on August 29, 2019, awarding petitioner possession and the sum of
$5,000, and ordering the issuance of a warrant of eviction, which was executed in or
around October 2019. Occupant thereafter moved by order to show cause to, in effect,
vacate so much of the final judgment as awarded petitioner $5,000, asserting that he had
complied with the stipulation of settlement in that the premises was completely vacant as
of July 29, 2019. Petitioner submitted no written opposition. After oral argument but
without holding a hearing, the District Court denied occupant's motion.
In light of the conflicting allegations between the affirmation of noncompliance and
occupant's affidavit regarding compliance with the stipulation of settlement, it was error
for the District Court to deny occupant's motion without holding a hearing to determine
the disputed issues of fact (see City of Poughkeepsie v Nutra-Vet Research Corp.,
159 AD2d 675 [1990]; Anis
Realty, LLC v Roman, 56 Misc 3d 128[A], 2017 NY Slip Op 50822[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; United Props. Corp. v Remax Prop.
Network, Inc., 23 Misc 3d 135[A], 2009 NY Slip Op 50811[U] [App Term, 2d
Dept, 9th & 10th Jud Dists 2009]).
Accordingly, the order is reversed and the matter is remitted to the District Court for
a new determination, following a hearing, of occupant's motion to, in effect, vacate so
much of the final judgment as awarded petitioner the sum of $5,000.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 17, 2022