Mazzola v Claridge's Co., LLC (2025 NY Slip Op 01918)

Mazzola v Claridge's Co., LLC

2025 NY Slip Op 01918

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-05884
 (Index No. 522355/17)

[*1]Nicholas Mazzola, respondent, 
v
Claridge's Company, LLC, et al., appellants, et al., defendant.

Connell Foley LLP (Kahana & Feld LLP, New York, NY [Sofya Uvaydov, Timothy R. Capowski, and Daniel Rosenblum], of counsel), for appellants.
Elefterakis, Elefterakis & Panek, New York, NY (Gennaro M. Savastano of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Claridge's Company, LLC, and Manhattan Skyline Management Corp. appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 1, 2022. The order denied those defendants' motion pursuant to 22 NYCRR 202.17(g) and CPLR 3121(a) to compel the plaintiff to submit to an additional independent medical examination.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Claridge's Company, LLC, and Manhattan Skyline Management Corp. pursuant to 22 NYCRR 202.17(g) and CPLR 3121(a) to compel the plaintiff to submit to an additional independent medical examination is granted.
In November 2017, the plaintiff commenced this action to recover damages for personal injuries he allegedly sustained after being struck on the head by a brick which fell from a building owned by the defendant Claridge's Company, LLC, and managed by the defendant Manhattan Skyline Management Corp. (hereinafter together the defendants). The plaintiff alleged that he sustained injuries from the accident including traumatic brain injury, "permanent loss and impairment of his . . . mental health," and cognitive impairment.
In December 2019, the plaintiff appeared for an independent medical examination (hereinafter IME) with a doctor who specialized in neurology and psychiatry. In May 2022, the defendants moved pursuant to 22 NYCRR 202.17(g) and CPLR 3121(a) to compel the plaintiff to submit to an additional IME by a specialist in neuropsychology. In an order dated June 1, 2022, the Supreme Court denied the defendants' motion. The defendants appeal.
"After commencement of an action in which the mental or physical condition . . . of a party . . . is in controversy, any party may serve notice on another party to submit to a physical [or] mental . . . examination by a designated physician" (CPLR 3121[a]). "There is no restriction in CPLR 3121(a) limiting the number of medical examinations. However, a defendant seeking an additional medical examination must demonstrate the necessity for it" (Abdelfattah v Treviacano, 204 AD3d 738, 739). Here, the defendants sufficiently demonstrated the necessity for an additional [*2]IME by a specialist in neuropsychology in light of the plaintiff's allegations as to the severity of his psychological injuries and since the prior IME was not conducted by a specialist in neuropsychology (see Harris v Christian Church of Canarsie, Inc., 147 AD3d 818, 818-819; Huggins v New York City Tr. Auth., 225 AD2d 732, 733). Thus, the Supreme Court should have granted the defendants' motion pursuant to 22 NYCRR 202.17(g) and CPLR 3121(a) to compel the plaintiff to submit to an additional IME.
The plaintiff's remaining contentions are without merit.
CHAMBERS, J.P., WOOTEN, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court